**Willard TAFT, Individually and as Administrator of the Estate of Jean V. Taft, Theodore Taft, Kelley Taft, Kathy Taft, and Justin Taft, Plaintiffs,**

v.

**Gaston MOREAU, Richard Anctil, and Materiaux Blanchet, Inc., Defendants.**

**No. 2:95–CV–358.**

United States District Court, D. Vermont.

Nov. 20, 1997.

---

Duncan Frey Kilmartin, Rexford & Kilmartin, Newport, VT, for plaintiffs.

Charles Norman Hurt, Jr., Downs, Rachlin & Martin, David J. Williams, Sleigh & Williams, St. Johnsbury, VT, for Gaston Moreau.

William Andrew O'Rourke, III, Ryan, Smith & Carbine Ltd., Rutland, VT, for Richard Antcil.

James W. Spink, Dinse, Knapp & McAndrew, P.C., Burlington, VT, for Materiaux Blanchet Inc.

## OPINION AND ORDER

SESSIONS, District Judge.

In this personal injury action, Plaintiffs have moved for summary judgment on the defense of insufficient service of process upon Defendants Materiaux Blanchet, Inc. ("MBI") and Richard Anctil (paper 49). Defendants MBI and Anctil have moved to dis-

miss Plaintiffs' complaint for failure to perfect or accomplish service (papers 64 and 67). For the reasons that follow, Plaintiffs' motion is granted, and Defendants' motions are denied.

The following facts are not in dispute. Anctil and MBI are citizens of St. Pamphila, Quebec, Canada. Plaintiffs allege that Anctil and MBI caused a tractor-trailer unit to be operated in Brighton, Vermont on December 8, 1993, and that they share legal responsibility along with Gaston Moreau, the driver, for a motor vehicle accident in which Jean V. Taft of Charleston, Vermont was killed.

Plaintiffs' wrongful death action, alleging diversity as the basis for jurisdiction, was filed in the United States District Court for the District of Vermont on December 4, 1995. On January 10, 1996, the Clerk of the Court issued two summonses pursuant to Fed.R.Civ.P. 4(b) for MBI. On March 5, 1996, the Clerk issued two summonses for Anctil. Plaintiffs served one copy each of the summons and complaint for Anctil and MBI on the Vermont Commissioner of Motor Vehicles, pursuant to Vt. Stat. Ann. tit. 12, § 891 (1973), and one copy each on the Vermont Secretary of State, pursuant to Vt. Stat. Ann. tit. 12, § 855 (1973) and Vt. Stat. Ann. tit. 11, § 1630 (1997). Thereafter, Plaintiffs mailed copies of the served summonses and complaints to MBI and to Anctil by registered mail, return receipt requested. A representative of MBI signed the return receipts on February 28, 1996 and March 13, 1996. Anctil signed the return receipts on March 27, 1996.

At issue is whether this method of service is valid. Service of process in this case is governed by Rules 4(f) and (h)(2) of the Federal Rules of Civil Procedure. Rule 4(f) provides, in pertinent part:

Unless otherwise provided by federal law, service upon an individual from whom a waiver has not been obtained and filed, ... may be effected in a place not within any judicial district of the United States:

(1) by any internationally agreed means reasonably calculated to give notice, such as those means authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents ...

Fed.R.Civ.P. 4(f). Rule 4(h)(2) provides, in pertinent part:

Unless otherwise provided by federal law, service upon a ... foreign corporation ... from which a waiver of service has not been obtained and filed, shall be effected: ...

(2) in a place not within any judicial district of the United States in any manner prescribed for individuals by subdivision (f) except personal delivery as provided in paragraph (2)(C)(I) thereof.

Fed.R.Civ.P. 4(h)(2).

The Hague Convention, to which the United States and Canada are signatories, applies in all civil cases in which there is occasion to transmit a judicial document for service abroad. Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, Article 1, 20 U.S.T. 361 ("Hague Convention"). In the cases to which it applies, the Hague Convention preempts all methods of service which are inconsistent with its provisions. *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 699, 108 S.Ct. 2104, 2108, 100 L.Ed.2d 722 (1988).

The internal law of the forum determines whether service abroad is required. *Id.* at 704, 108 S.Ct. at 2110–11. Service of process on foreign defendants must satisfy federal, not state law in a diversity case, however. *Hanna v. Plumer*, 380 U.S. 460, 463–64, 85 S.Ct. 1136, 1139–40, 14 L.Ed.2d 8 (1965) (federal rule controls service of process in diversity actions); *Ackermann v. Levine*, 788 F.2d 830, 840 (2d Cir.1986) (service of process under Hague Convention must satisfy federal, not state law). No other federal law appears to provide for service of process in this case. Fed.R.Civ.P. 4(f), (h). Service upon MBI and Anctil will be effective, therefore, if it has been accomplished in compliance with the Hague Convention.

The Hague Convention authorizes several methods for service of judicial documents abroad. Articles 2 through 6 require each participating country to establish a Central Authority to receive requests for service of process and to see that service is appropri-

ately carried out. Articles 8 and 9 provide for service of judicial documents abroad through diplomatic channels. Subsections (b) and (c) of Article 10 provide for service of judicial documents through judicial officers, as long as the country of destination does not object. Article 11 authorizes other channels of transmission if the participating countries agree. Plaintiffs rely on subsection (a) of Article 10, which states:

> Provided the State of destination does not object, the present Convention shall not interfere with—
>
> (a) the freedom to send judicial documents, by postal channels, directly to persons abroad[.]

Hague Convention, Article 10(a).

Plaintiffs contend that "send" embraces "service," that Canada has not objected to service by postal channels, and that transmittal of the summons and complaint to MBI and Anctil by registered mail, return receipt requested, was effective service under the Hague Convention. MBI and Anctil object that the Hague Convention does not authorize service by mail, and that the summons and complaint should have been translated into French, the official language of Quebec.

Courts have divided on whether the use of the term "send" in Article 10(a) was intended to include service of process. Although there is authority to the contrary from other Circuits, the Second Circuit has foreclosed debate on the issue in this Circuit in *Ackermann v. Levine*, 788 F.2d at 839. Adopting the reasoning that "use of 'send' rather than the otherwise consistently used 'service' 'must be attributed to careless drafting,'" a panel of the Second Circuit Court of Appeals held that service of process by registered mail satisfies the Hague Convention and constitutional due process. *Id.* at 834, 839.

Canada does not object to service by postal channels. Hague Convention, Instrument of Accession of Canada, Sept. 26, 1988, USCS International Agreements, at 282. Therefore, Plaintiffs' use of registered mail, return receipt requested, to transmit the summons and complaint was in compliance with the Hague Convention.

Under Article 5, paragraph 3 of the Hague Convention, if a document is to be served by the Central Authority or its agent, the Central Authority may require the document to be written in or translated into the official language or one of the official languages of the country. Hague Convention, Article 5. Canada requires, for service under Article 5 to recipients in the province of Quebec, that all documents which commence actions be translated into French. *Id.* at 281–82. There is no similar provision for translation requirements under the alternative methods of service provided for in Articles 8 through 11. Article 5 by its terms pertains only to service by the Central Authority or its designated agency, and imposes no requirements on service under Article 10. Documents served upon Quebec residents or citizens under Article 10(a) need not be translated into French in order to comply with the Hague Convention. *See Lemme v. Wine of Japan Import, Inc.*, 631 F.Supp. 456, 464 (E.D.N.Y.1986) (translation requirement triggered only when Central Authority serves document).

Service of process must also satisfy Rule 4 of the Federal Rules of Civil Procedure and constitutional due process, however. *Ackermann*, 788 F.2d at 838. Methods of service must be "reasonably calculated to give notice." Fed.R.Civ.P. 4(f); *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950). Although in some instances a failure to provide a translation of the document in a language the recipient could understand might be constitutionally unreasonable, in the case at bar, neither MBI nor Anctil has claimed lack of notice or an inability to understand the language of the complaint. Accordingly, the Court will not require service of the summons and complaint in French in this case.

Plaintiffs' Motion to Determine that Service of Process is Sufficient/Motion for Summary Judgment against Defendants' Defense of Insufficient Service (paper 49) is GRANTED. MBI's Motion to Dismiss (paper 64) is DENIED. Anctil's Motion to Join MBI's Opposition to Plaintiffs' Summary Judgment

Motion on Service of Process and in Support of Motion to Dismiss (paper 67) is GRANTED as to joinder and DENIED as to the Motion to Dismiss.

Order affirmed in part and reversed in part.