Henry HEREDIA, Plaintiff,

v.

TRANSPORT S.A.S., INC. and
Mercurio Presenza,
Defendants.

No. 99 Civ. 12097(SAS).

United States District Court,
S.D. New York.

March 30, 2000.

Alex Muller, New York, NY, for Plaintiff.

Richard J. Gallo, Morris, Duffy, Alonso & Faley, LLP, New York, NY, for Defendants.

## OPINION AND ORDER

SCHEINDLIN, District Judge.

On December 16, 1999, defendants Transport S.A.S., Inc. ("Transport") and Mercurio Presenza removed this action from New York state court to the United States District Court for the Southern District of New York. Plaintiff Henry Heredia now seeks to remand the case to state court alleging that defendants' removal was untimely. For the reasons set forth below, plaintiff's motion to remand is granted.

## I. Background

The following facts are undisputed. Plaintiff is a resident of Bronx County, New York. *See* Defendants' Notice of Removal, Ex. C to 1/13/00 Affidavit of Alex Muller, Attorney for Plaintiff, in Support of Motion to Remand to State Court ("Muller Aff."), ¶ 5. Defendants are both citizens of Quebec, Canada. *See id.* ¶ 6. On January 20, 1999, plaintiff and defendant Presenza were involved in an automobile accident at the Throgs Neck Bridge, which is located near the intersection of 177th Street and Harding Avenue in Bronx County, New York. *See id.* ¶ 3. At the time of the accident, Presenza was driving a truck registered to defendant Transport. *See* 1/20/99 Police Accident Report, Ex. A to Affirmation of Richard Gallo, Attorney for Defendants, in Opposition to Remand ("Gallo Aff.").

On September 29, 1999, plaintiff filed a summons and complaint in the Supreme Court of the State of New York, Bronx County (the "Supreme Court"). *See* Copy of Summons and Index Number Receipt, Ex. A to Muller Aff. The state court complaint seeks damages for personal injuries arising out of the parties' automobile accident, which plaintiff alleges was caused by

Presenza's negligence. *See* Defendants' Notice of Removal, Ex. C to Muller Aff., ¶¶ 2–3.

On October 5, 1999, pursuant to New York Vehicle and Traffic Law section 253 [1] which sets forth procedures for service of non-resident motorists, plaintiff delivered the summons and complaint to an authorized agent in the office of New York's Secretary of State (the "Secretary of State"). *See* Affidavit of Service, Ex. B to Muller Aff. The following day, the Secretary of State sent notice of service and a copy of the summons and complaint by registered mail to Presenza in Quebec, Canada. *See* Notice as to Service of Process ("Notice"), Ex. B to Muller Aff.[2] On October 14, Presenza signed the return receipt, indicating that he had received the notice of service and a copy of the summons and complaint. *See* 10/14/99 Return Receipt, Ex. B to Muller Aff. The summons, complaint and notice of service were written only in English, while the return receipt was written in both English and French. *See* Copy of Summons, Ex. A to Muller Aff.; Notice & Return Receipt, Ex. B to Muller Aff.

On December 16, 1999, defendants removed the action to this Court pursuant to the general removal statute, 28 U.S.C. § 1441. *See* Notice of Removal, Ex. C to Muller Aff. Defendants' removal was based on the diversity jurisdiction of the federal district courts. *See id.* at ¶¶ 7–8; *see also* 28 U.S.C. § 1332. Plaintiff filed the instant motion to remand on January 14, 2000.

## II. Legal Standard

 Removal of actions from state court is authorized by § 1441 which provides that "any civil action brought in a State

---

1. N.Y. Veh. & Traf. Law § 253 (McKinney 1999) [hereinafter "section 253"].

2. It appears that Transport was not separately served with a copy of the summons and complaint. However, because Transport never raised this issue, and because both defendants

jointly removed the action, this Court will consider plaintiff's service of Presenza as service on both defendants. Accordingly, if service of Presenza was proper, *see infra* Part III, then Transport was also properly served.

court of which the district courts have original jurisdiction, may be removed by the defendant or the defendants, to the district court .... where such action is pending." 28 U.S.C. § 1441(a). "In light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability." *Lupo v. Human Affairs Int'l, Inc.,* 28 F.3d 269, 274 (2d Cir.1994) (internal quotations omitted). The defendant bears the burden of establishing by "competent proof" that removal is proper in the event plaintiff moves to remand the action. *See R.G. Barry Corp. v. Mushroom Makers, Inc.,* 612 F.2d 651, 655 (2d Cir.1979); *see also United Food & Commercial Workers Union v. CenterMark Props. Meriden Square, Inc.,* 30 F.3d 298, 301 (2d Cir. 1994).

## III. Discussion

■ Procedures for removal are set forth in 28 U.S.C. § 1446. Pursuant to § 1446(b), notice of removal must be filed "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading." Thus, once a defendant receives a copy of the initial pleading—in this case, the summons and complaint—the thirty-day period for filing notice of removal is triggered, provided that service of the initial pleading is proper. *See Murphy Bros. v. Michetti Pipe Stringing,* 526 U.S. 344, 347–48, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999) ("[A] named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service.").

Plaintiff contends that the case must be remanded because defendants' notice of removal was filed after expiration of the thirty-day time period set forth in § 1446(b). Defendants concede that they filed the notice of removal more than thirty days after Presenza received a copy of the summons and complaint. However, defendants argue that Presenza's receipt of the summons and complaint did not constitute receipt of the initial pleading for purposes of triggering the thirty-day removal period because plaintiff's service of those documents was improper.

Defendants' allegation of improper service is premised upon three related arguments. *First,* defendants contend that plaintiff's service must comply with both New York law and the Hague Convention. *Second,* defendants argue that plaintiff's service was inadequate under the Hague Convention because neither the summons nor the complaint was translated into French, defendants' native language. *Third,* defendants argue that even assuming plaintiff's service was proper under the Hague Convention, it violated due process because the English documents failed to provide defendants with actual notice of the pending litigation. Defendants' claims are addressed in turn below.

### A. Applicability of the Hague Convention

■ As set forth *supra* Part I, it is undisputed that plaintiff served a copy of the summons and complaint upon the Secretary of State, and that the Secretary of State subsequently acted on behalf of plaintiff by sending notice of the service and a copy of the summons and complaint to the defendant by registered mail with return receipt requested. *See* Affidavit of Service, Notice, & Return Receipt, Ex. B to Muller Aff. Accordingly, plaintiff complied with the service requirements of section 253 which provides as follows:

> Service of such summons shall be made by mailing a copy thereof to the Secretary of State ... and such service shall be sufficient service upon such non-resident provided that notice of such service and a copy of the summons and complaint are forthwith sent by or on behalf

of the plaintiff to the defendant by certified mail or registered mail with return receipt requested.

N.Y. Veh. & Traf. Law § 253.

Although plaintiff followed the procedure established by section 253, proper service of the summons must also comply with the Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361 ("Hague Convention" or "Convention"). Article 1 of the Hague Convention states that "[t]he present Convention shall apply in all cases, in civil or commercial matters, where there is occasion to transmit a judicial or extrajudicial document for service abroad." 20 U.S.T. 361, Art. 1. In *Volkswagenwerk v. Schlunk,* 486 U.S. 694, 108 S.Ct. 2104, 100 L.Ed.2d 722 (1988), the Supreme Court analyzed the applicability of the Hague Convention and found that "[i]f the internal law of the forum state defines the applicable method of serving process as requiring the transmittal of documents abroad, then the Hague Service Convention applies." *Id.* at 699, 108 S.Ct. 2104. Section 253 requires that the Secretary of State mail copies of the summons and complaint to non-resident defendants. Thus, New York law requires the transmittal of documents abroad and the Hague Convention applies. Accordingly, plaintiff's service must meet the requirements of the Hague Convention in addition to the procedures established by section 253. *See, e.g., Taft v. Moreau,* 177 F.R.D. 201, 204 (D.Vt.1997) (finding that Hague Convention applies in Vermont personal injury action where defendants, citizens of Quebec, received summons and complaint in Quebec).

As a preliminary matter, it should be noted that service of process by registered mail is one of several methods of service permitted by the Hague Convention. Article 10 of the Convention states: "Provided the State of destination does not object, the present Convention shall not interfere with ... the freedom to send judicial documents, by postal channels, directly to persons abroad." 20 U.S.T. 361, Art. 10. This freedom to send judicial documents includes service of process. *See Ackermann v. Levine,* 788 F.2d 830, 838–39 (2d Cir.1986) ("The service of process by registered mail did not violate the Hague Convention. Plaintiffs declined to follow the service route allowed under Article 5 of the Convention, which permits service via a 'Central Authority' of the country in which service is to be made. Instead, plaintiffs chose to follow the equally acceptable route allowed under Articles 8 and 10"). Canada does not object to service by postal channels. *See* 20 U.S.T. 361, History, Ancillary Laws & Directives. Thus, service by registered mail in Quebec is adequate service under the Convention. *See Taft,* 177 F.R.D. at 203 (service of process by registered mail in Quebec is in compliance with the Convention).

**B. Translation Requirement**

■ In their opposition to plaintiff's motion to remand, defendants contend that service was improper under the Hague convention because the summons and complaint were not translated from English into French, Presenza's native language and the official language of Quebec province. However, it is well-settled that the translation requirement is triggered only when it is the Central Authority that serves the document, an alternative method of service that is set forth in Article 5 of the Convention. *See* 20 U.S.T. 361, Art. 5 ("If the document is to be served [by the Central Authority], the Central Authority may require the document to be written in, or translated into, the official language ... of the State addressed."). Canada does require translation of documents into French for recipients of service under Article 5. *See* 20 U.S.T. 361, History, Ancillary Laws & Directives. There is, however, no similar requirement by Canada or by the Convention for translation when service is effected by direct mail under Article 10. Thus, where service is made by registered mail under Article 10, the

served documents need not be translated. *See Taft*, 177 F.R.D. at 203 ("Documents served upon Quebec residents or citizens under Article 10(a) need not be translated into French in order to comply with the Hague Convention."); *Lemme v. Wine of Japan Import*, 631 F.Supp. 456, 464 (E.D.N.Y.1986) ("In the first place, the translation 'requirement' is triggered only when it is the Central Authority that serves the document.... Where the method used is direct postal service under section 10(a), the document need not be translated."); *Weight v. Kawasaki Heavy Indus.*, 597 F.Supp. 1082, 1086 (E.D.Va. 1984) ("A Japanese translation is required only when the service of process is transmitted through the 'Central Authority' pursuant to Article 5 of the Convention.... However, Article 10(a) of the Convention contains no such requirement for direct postal service.").

Defendants seek to distinguish *Lemme* and *Weight* by noting that service here was made in Canada not Japan. However, under the Convention, service in Japan and Canada are identical. Neither country requires translation for Article 10 service. *See* 20 U.S.T. 361, History, Ancillary Laws & Directives. Moreover, the *Taft* case involved service in Quebec and did not require a French translation. *See Taft* 177 F.R.D. at 201.

### C. Due Process Requirements

In addition to the Hague Convention, service of process must also satisfy constitutional due process. *See Ackermann*, 788 F.2d at 838. Defendants argue that because plaintiff failed to translate the documents into French, defendants were denied due process of law.

▮ Due process requires that service by mail must be reasonably calculated to give adverse parties notice of the action. *See Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950) (due process permits service of process by mail so long as such service provides "notice reasonably calcu-

lated ... to provide interested parties notice of the pendency of the action"). Defendant contends that because Presenza does not speak English, service of English documents "was not reasonably calculated to give *actual notice* to the defendants." *See* Defendants' Memorandum of Law in Opposition to the Plaintiff's Motion to Remand at 6 (emphasis in original). In advancing this argument, defendants rely exclusively on the fact that the police officer at the Throgs Neck Bridge accident scene commented on Presenza's "limited English" abilities in his accident report. *See id.* (citing 1/20/00 Police Accident Report, Ex. A to Gallo Aff.). However, the police officer also reported that Presenza stated: "I checked my mirror before changing lanes. I didn't see any car on that side." 1/20/00 Police Accident Report, Ex. A to Gallo Aff. Given the level of competence in English demonstrated by Presenza's comments to the police officer, and the fact that Presenza signed the return receipt that accompanied the summons and complaint, defendant fails to provide competent proof that plaintiff's service of process was not reasonably calculated to give notice.

\* \* \* \* \* \*

Not only did plaintiff's service of process comport with the procedures set forth in section 253, it also satisfied the requirements of the Hague Convention and due process. Thus, the thirty-day notice of removal set forth in § 1446(b) was triggered on October 14, when Presenza received a copy of the summons and complaint. Accordingly, defendants' removal of the case on December 16—more than sixty days following Presenza's receipt of the initial pleading—was untimely and the case must be remanded to state court.

### IV. Conclusion

For the foregoing reasons, plaintiff's motion to remand is granted. The Clerk of the Court is directed to remand this

case to state court and to close this federal case.