[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON MOTION TO DISMISS FILED BY THE DEFENDANT BIG TIMBER EXPRESS TRUCKING LOGGING, LTD
 I STATEMENT OF THE CASE
This is an action instituted by the plaintiff Kevin Bednarsky against the defendants seeking compensatory damages for injuries that the plaintiff allegedly sustained at his place of employment. More specifically, as to the defendant Big Timber Express Trucking Logging, LTD, the complaint alleges that while the plaintiff was stacking trees being delivered by the defendant, the defendant's agents or employees suddenly and without warning violently hurled the trees over the side of the defendant's truck, striking the plaintiff and causing him injury.
The defendant is a Canadian corporation. According to the sheriff's return, service of process was made upon the defendant through mailing by certified mail, return receipt requested, the writ, summons and complaint to the defendant's agent in Canada.
Pending before the court is the defendant's motion to dismiss. The defendant claims that the case should be dismissed for insufficiency of service of process under Section 52-59d of the General Statutes because the plaintiff's method of service did not conform to the requirements of the Convention of the Service Abroad of Judicial and Extrajudicial CT Page 10439 Documents in Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, U.N.T.S. 163 ["Hague Convention"].
 II DISCUSSION
"The motion to dismiss shall be used to assert . . . lack of jurisdiction over the person and insufficiency of service or process." P.B. § 10-31. "Service of process on a party in accordance with . . . statutory requirements is a prerequisite to a court's exercise of personal jurisdiction over that party." General Motors Acceptance Corp.v. Pumphery, 13 Conn. App. 223, 227 (1988). In deciding a motion to dismiss, "[The court] must consider the allegations of the complaint in their most favorable light." Reynolds v. Soffer, 183 Conn. 67, 68
(1981); Barde v. Board of Trustees, 207 Conn. 59, 62 (1988). "[The] court has recognized that the burden of proof is on the plaintiff to prove jurisdiction over the person when constructive service is used . . ."Standard Tallow Corp. v. Jowdy, 190 Conn. 48, 54 (1983).
To serve a foreign defendant, a plaintiff must rely upon General Statutes § 52-59d, which provides that "[n]otwithstanding any provision of the general statutes relating to service of process, civil process shall not be served outside of the United States of America in violation of any applicable treaty or convention, including without limitation, the Hague Convention on Service of Process Abroad." The Hague Convention takes precedence over conflicting state laws under the Supremacy Clause of the United States Constitution. VolkswagenwerkAktiengesellschaft v. Schlunk, 486 U.S. 694, 698, 108 S.Ct. 2104,100 L.Ed.2d 722 (1988). The parties agree that service of process on the defendant is governed by the Hague Convention.
"The Hague Service Convention is a multilateral treaty that was formulated in 1964 by the Tenth Session of the Hague Conference of Private International Law. The Convention revised parts of the Hague Conventions on Civil Procedure of 1905 and 1954. The revision was intended to provide a simpler way to serve process abroad, to assure that defendants sued in foreign jurisdictions would receive actual and timely notice of suit, and to facilitate proof of service abroad." Id., 698. "The primary innovation of the Convention is that it requires each state to establish a central authority to receive requests for service of documents from other countries. . . . Once a central authority receives a request in the proper form, it must serve the documents by a method prescribed by the internal law of the receiving state or by a method designated by the requester and compatible with that law. [Hague Convention] Art. 5. The central authority must then provide a certificate CT Page 10440 of service that conforms to a specified model. [Hague Convention] Art. 6." (Citation omitted.) Id., 698-99.
In this case, the plaintiff did not send a request for service to Canada's central authority. Instead, the plaintiff sent the writ, summons and complaint directly to the defendant by certified mail and relies on Article Ten of the Hague Convention for this procedure. Article Ten provides in relevant part, "[p]rovided the State of destination does not object, the present Convention shall not interfere with . . . the freedom to send judicial documents, by postal channels, directly to persons abroad. . . ." Consequently, the issue presented here is whether service by mail on a Canadian corporation may be effected under Article Ten (a) of the Hague Convention.
"It has been suggested that no single provision in the Hague Convention has received as much judicial attention as Article 10(a). Franklin B. Mann, Comment, Foreign Service of Process by Direct Mail Under the HagueConvention and Article 10(a) Controversy: Send v. Service, 21 Cumb.L.Rev. 647, 653 (1990/1991). . . . Specifically, [federal] courts disagree over the definition of the word `send' in Article 10(a). Some have determined that the word `send' was intended to be used synonymously with `service of process,' especially in light of the purpose of the Hague Convention which is to facilitate service abroad. Under that view, service of process by mail is allowable if the defendant's state has levied no objection to the Article. . . .
Other courts have concluded that, because the word `service' is used elsewhere in parts (b) and (c) of the Article, the word `send' must have a different meaning from `service.' Those courts hold that Article 10(a) allows the transmission of documents other than process." (Citations omitted.) Randolph v. Hendry, 50 F. Sup.2d 572, 576-77 (S.D.W. Va. 1999).
There is no appellate authority on this matter in Connecticut. Although the Second Circuit's reasoning in Ackerman v. Levine (788 F.2d 830 (2d Cir. 1986)) that Article 10(a) does allow for service by mail is very persuasive, the judges of the superior court have consistently aligned themselves with the latter line of cases, which hold that Article 10(a) merely provides a method for sending subsequent documents after service of process has been obtained. Johnson v. Pfizer, Inc., Superior Court, judicial district of New London at New London, Docket No. 118821 (March 16, 2000, Hurley, J.T.R.) (26 Conn. L. Rptr. 690, 693); Cavendish-Pellv. Howell, Superior Court, judicial district of Stamford/Norwalk at Stamford (December 16, 1995) (Lewis, J.) (service in the United Kingdom); Downes v. Ryobi America Corp., Superior Court, judicial district of Danbury, Docket No. 311959 (March 12, 19939) (Fuller, J.) (8 CT Page 10441 Conn. L. Rptr. 502) (service in Japan); Bourquin v. Melsungen, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 346322 (September 13, 1988) (Hennessey, J.) (3 C.S.C.R. 803) (service in Germany); Cardillo v. KIS France, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 084909 (October 22, 1987) (Cioffi, J.) (2 C.S.C.R. 1188) (service in France); Montalvo v. NutmegFoods, Superior Court, judicial district of [Fairfield at] Bridgeport, Docket No. 226591 (June 24, 1987) (Harrigan, J.) (2 C.S.C.R. 760) (service in Italy).
For the following reasons, in this particular case, this court does not have to decide which side of this issue the court should align itself to. In determining what type of service is effective in any given case under the Convention, the court should consider how the state of destination has viewed or adopted the applicable provisions of the Hague Convention and what forms of service has it authorized under the treaty. See Curcuruto v. Cheshire, 864 F. Sup. 1410, 1412 (S.D.Ga. 1997) ("The purpose of the Convention is to ensure that the notice given is effective and, at the same time, is not objectionable to the country of service.") This approach is important because although the provisions of the Hague Convention should have uniform meaning, under the treaty, "A state also may consent to methods of service within its boundaries other than a request to its central authority. [Hague Convention] Arts. 8 [through] 11, 19." Volkswagenwerk Aktiengesellschaft v. Schlunk, supra, 486 U.S. 699. Assuming arguendo that Article 10(a) itself does not allow for mail service, in this particular case, Canada has consented to and authorized mail service in addition to service through its central authority.
Section II A of the Hague Convention concerning Canada provides the following:
"II. Transmission through postal channels [Article 10, subparagraph a]
A. Acceptance
Canada does not object to service by postal channels."
Consequently, regardless of whether as a general matter or as to other countries, the language of Article 10(a) should be viewed as meaning "send" or "service," as to Canada, the provision has been used to connoteservice of judicial documents. There does not appear to be any reason why the plain meaning of this word should be construed or applied in any manner other than its obvious import, which is that in Canada service by postal channels is not objectionable and is acceptable. Indeed, cases both in this country and in Canada indicate that mail service under the Hague Convention is valid on a Canadian resident. See Curcuruto v. Cheshire, CT Page 10442 supra, 864 F. Sup. 1412 ("Since service by mail is clearly acceptable under the internal law of Canada, it is consistent with the purpose and intent of the Hague Convention, and is an acceptable method of service under Article 10(a)."); see also, Trump Taj Mahal Associates v. HotelServices, Inc., 183 F.R.D. 173, 178-179 (D.N.J. 1998) ("Canada has affirmatively stated that it does not object to service by postal channels under Article 10(a)"); Taft v. Moreau, 177 F.R.D. 201, 204
(D.Vt. 1997) ("Canada does not object to service by postal channels."); see generally, Dofasco, Inc. v. Ucar Carbon Canada, Inc., 27 C.P.C. (4th) 342 (1998) (stating that "[t]he [Hague Convention] provides that documents may be served by mailing them to the person to be served . . . if the state of destination does not object to these methods.")
 III CONCLUSION
Therefore, for these reasons, the defendant Big Timber Express Trucking Logging, LTD' motion to dismiss is hereby denied.
Dated this 27th day of July 2001.
STEVENS, J. CT Page 10443