129 Nev., Advance Opinion 62

# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| ALEX LOEB, DERIVATIVELY ON BEHALF OF UNIVERSAL TRAVEL GROUP, Petitioner, vs. THE FIRST JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CARSON CITY, AND THE HONORABLE JAMES TODD RUSSELL, DISTRICT JUDGE, Respondents, and JIANGPING JIANG; JING XIE; HUJIE GAO; JIDUAN YUAN; LIZONG WANG; WENBIN AN; LAWRENCE LEE; YIZHAO ZHANG; LIQUAN WANG; AND UNIVERSAL TRAVEL GROUP, A NEVADA CORPORATION, Real Parties in Interest. | No. 60242 FILED SEP 19 2013 |

Original petition for a writ of prohibition or mandamus challenging a district court order denying a motion to serve individual defendants by publication.

*Petition denied.*

The O'Mara Law Firm, P.C., and David C. O'Mara, Reno; Robbins Umeda LLP and Kevin Seely and Christopher L. Walters, San Diego, California, for Petitioners.

13-27846

McDonald Carano Wilson LLP and Matthew C. Addison, Reno; Katten Muchin Rosenman LLP and Richard H. Zelichov, Los Angeles, California; Katten Muchin Rosenman LLP and Bruce G. Vanyo, New York, New York, for Real Parties in Interest.

---

BEFORE THE COURT EN BANC.

*OPINION*

By the Court, HARDESTY, J.:

The Hague Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the Hague Convention)[1] sets forth the procedures to be followed when "there is occasion to transmit a judicial . . . document for service abroad." Hague Convention art. 1, Nov. 15, 1965, 20 U.S.T. 361. Under the terms of the Hague Convention, a party in a foreign country may be served (1) "through the central authority of the receiving country," (2) "through diplomatic or consular agents that the receiving country considers non-objectionable," or (3) "by any method permitted by the internal law of the receiving country." *Dahya v. Second Judicial Dist. Court*, 117 Nev. 208, 212, 19 P.3d 239, 242 (2001) (internal quotation marks omitted) (citing Hague Convention art. 5, 8-11, 19, 20 U.S.T. at 362-65).

In Nevada, NRCP 4(e)(1) permits service on a defendant who resides outside of this state by publishing the summons in a Nevada newspaper and mailing a copy of the summons and complaint to the

---

[1]Because several different treaties have been signed at Hague Conventions, we note that the term "the Hague Convention" in this opinion refers specifically to the Hague Service Convention.

defendant's residence, if it is known. In this proceeding, we are asked to decide whether a party residing outside of the United States whose foreign address is known may be served by publication pursuant to NRCP 4(e)(1)(i) and (iii), rather than under the terms of the Hague Convention. Based on the plain language of the applicable provisions, we conclude that a party residing outside of the United States whose address is known must be served according to the terms of the Hague Convention, and we deny the petition.

## FACTS

This writ petition arises from a shareholder derivative suit brought by petitioner Alex Loeb on behalf of real party in interest Universal Travel Group, a company incorporated in Nevada, against the officers and directors of Universal Travel Group, real parties in interest Jiangping Jiang, Jing Xie, Hujie Gao, Jiduan Yuan, Lizong Wang, Wenbin An, Lawrence Lee, Yizhao Zhang, and Liquan Wang (collectively, the Jiang parties). The Jiang parties all reside in China. After filing the complaint, Loeb unsuccessfully attempted to locate the Jiang parties in Nevada and subsequently sought their addresses from Universal Travel Group, which initially refused to disclose the addresses. Universal Travel Group also declined to accept service on behalf of the Jiang parties. As a result, Loeb moved the district court pursuant to NRCP 4(e)(1) to permit service by publication. Universal Travel Group opposed Loeb's motion, arguing that he was required to comply with the terms of the Hague Convention, which would not permit service by publication under the circumstances of this case.

After Loeb filed his motion to permit service by publication, Universal Travel Group's counsel provided Loeb with the Jiang parties' addresses in China. Thereafter, the district court denied Loeb's motion to

permit service by publication on the ground that such service is not allowed by the Hague Convention when a defendant's address is known. Thus, the district court ordered Loeb to serve the Jiang parties in compliance with the terms of the Hague Convention.[2] This petition for a writ of mandamus or prohibition followed. While Loeb concedes that he never mailed copies of the summons or complaint to the Jiang parties in China, he argues that the terms of the Hague Convention do not apply because the mailing of the summons and complaint under NRCP 4(e)(1)(i) and (iii) is not an element of service.

## DISCUSSION

"A writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station or to control an arbitrary or capricious exercise of discretion."[3] *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008) (footnotes omitted); *see also* NRS 34.160.

[2]Prior to the district court issuing its order, Universal Travel Group provided Loeb with addresses in China for all of the Jiang parties except for Yizhao Zhang. The district court thus directed Universal Travel Group to provide Zhang's address to Loeb as well, or it would permit service by publication upon Zhang if Zhang's address could not be provided. At oral argument before this court, Loeb acknowledged that Universal Travel Group provided him with Zhang's address after the district court issued its order.

[3]Because Loeb argues that the district court was required to grant his motion for service by publication, rather than that the court lacked jurisdiction to enter the order regarding service, a writ of prohibition is not the appropriate vehicle for considering whether Loeb is entitled to extraordinary relief. *See* NRS 34.320 (explaining that a writ of prohibition is available to arrest district court proceedings when the district court acts without or in excess of its jurisdiction); *see also Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991) (same).

Generally, writ relief is not appropriate if the petitioner has a speedy and adequate legal remedy. *See* NRS 34.170; *Mineral Cnty. v. State, Dep't of Conservation & Natural Res.*, 117 Nev. 235, 243, 20 P.3d 800, 805 (2001). This court may consider a petition for extraordinary relief if "an important issue of law needs clarification and public policy is served by this court's invocation of its original jurisdiction." *Mineral Cnty.*, 117 Nev. at 243, 20 P.3d at 805 (internal quotations omitted). This case presents an important issue of law that needs clarification, specifically, whether a party residing outside of the United States may be served by publication pursuant to NRCP 4(e)(1)(i) and (iii), rather than under the terms of the Hague Convention, when the party's address is known. And in light of the early stage of the proceedings and the need for efficient judicial administration, an appeal would not be a speedy and adequate legal remedy in this case. *See Int'l Game Tech.*, 124 Nev. at 198, 179 P.3d at 559. As a result, we will exercise our discretion to entertain this writ petition. *See Mineral Cnty.*, 117 Nev. at 243, 20 P.3d at 805.

*Loeb must comply with the terms of the Hague Convention to properly effectuate service of process on the Jiang parties*

Interpretation of an international treaty is a question of law that we review de novo. *Garcia v. State*, 117 Nev. 124, 127, 17 P.3d 994, 996 (2001). Nevada's Rules of Civil Procedure are subject to the same rules of interpretation as statutes. *Webb v. Clark Cnty. Sch. Dist.*, 125 Nev. 611, 618, 218 P.3d 1239, 1244 (2009). Statutory interpretation is also a question of law subject to de novo review. *Consipio Holding, BV v. Carlberg*, 128 Nev. ___, ___, 282 P.3d 751, 756 (2012). When a statute's language is plain and unambiguous, this court will give that language its ordinary meaning. *Id.*

The purpose of the Hague Convention is to facilitate service of process on defendants who are located outside of the United States.[4] Hague Convention pmbl., 20 U.S.T. at 362. The Hague Convention only applies when the address of the person to be served is known. *Id.* art. 1, 20 U.S.T. at 362. Under the Hague Convention, "[s]ervice of process refers to a formal delivery of documents that is legally sufficient to charge the defendant with notice of a pending action," as determined by the otherwise applicable state rules governing the method of service. *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 700 (1988). In other words, the Hague Convention applies if the state's service rules require "the transmittal of documents abroad" in order for service to be deemed complete. *Id.* Conversely, it does not apply if service of process is "valid and complete" domestically under the applicable state rules, so long as the service satisfies due process. *Id.* at 707.

If the Hague Convention applies, any inconsistent state law methods of service are preempted. *Id.* at 699; *Dahya*, 117 Nev. at 211, 19 P.3d at 242. Under the terms of the Hague Convention, a party residing in a foreign country may be served in three ways: (1) by sending service "through the central authority of the receiving country," (2) by sending service "through diplomatic or consular agents that the receiving country considers 'non-objectionable,'" or (3) by serving the party in any other "method permitted by the internal law of the receiving country." *Dahya v.*

---

[4]Both the U.S. and China are signatories to the Hague Convention. *See* The Hague Convention Relative to the Service Abroad of Judicial and Extrajudicial Documents, Nov. 15, 1965, 20 U.S.T. 361.

*Second Judicial Dist. Court*, 117 Nev. 208, 212, 19 P.3d 239, 242 (2001) (quoting 20 U.S.T. 361 at art. 8-11).[5]

Here, it is undisputed that the Jiang parties reside outside of the United States and that Loeb knows their addresses in China. As a result, the question that follows is whether, under these circumstances, Nevada law requires judicial documents to be transmitted abroad in order for service to be complete. *See* Hague Convention art. 1, 20 U.S.T. at 362; *see also Volkswagenwerk*, 486 U.S. at 699. If the laws of this state do require transmittal abroad, then the Hague Convention applies.

Neither party disputes that the summons and complaint are "judicial documents" within the scope of the Hague Convention. *See Black's Law Dictionary* 923 (9th ed. 2009) (providing that a judicial document is "[a] court-filed paper that . . . has been both relevant to the judicial function and useful in the judicial process"). Loeb argues that service under NRCP 4(e)(1) is complete upon the act of publication and that the mailing of the summons and complaint to the defendant's address is merely "follow up" to the act of service. Thus, he argues that the mailing requirement does not implicate the Hague Convention.

---

[5]Loeb does not argue, and we do not decide, whether service of process by publication would be permissible under either the Hague Convention or applicable Chinese law. However, we note that service by publication may only be done in China when the party's address is unknown or service cannot be effected in any other authorized manner. Civil Procedure Law (promulgated by the Standing Comm. Nat'l People's Cong., August 31, 2012, effective January 1, 2013), art. 92. Other authorized manners of service in China include: (1) personal service on a party or its delegated representative, (2) service at the party's residence, and (3) service via a court or the internal Chinese mail system. *Id.* art. 85-88.

Supreme Court
of
Nevada

(O) 1947A

Under NRCP 4(e)(1)(i), a plaintiff may serve process on any party who "resides out of the state," who "cannot, after due diligence, be found within the state," or who "seeks to avoid the service of summons" by publishing the summons in a Nevada newspaper. When a plaintiff serves a party by publication and the party's address is known, a copy of the summons and complaint must also "be deposited in the post office, [and] directed to the person to be served at the person's place of residence." NRCP 4(e)(1)(iii). If the address is known, service is not complete until "the expiration of 4 weeks from such [mailing]." *Id.*

Loeb's interpretation of the rule is contrary to its plain language. Under NRCP 4(e)(1)(iii), if the defendant's address is known, the party serving process must *both* complete publication *and* mail the documents to the defendant's address. Service is not complete based on the publication alone. Indeed, the necessity of the mailing is reflected in the portion of the rule providing that service is not complete until four weeks after a copy of the summons and complaint is deposited in the post office. *See* NRCP 4(e)(1)(iii). Thus, if a defendant whose address is known resides outside of the United States, the summons and complaint must be transmitted abroad in order for service to be effective, triggering the requirement that the party serving process comply with the provisions of the Hague Convention.[6] *See* Hague Convention art. 1, 20 U.S.T. at 362.

---

[6]Because the language of these provisions is plain and unambiguous, it is not necessary to resort to the rules of construction or other sources to interpret its meaning. Nevertheless, we note that our interpretation is supported by extrajurisdictional authority requiring a party to mail a document abroad in addition to performing an act of service domestically in order to complete service on a defendant residing outside of the United States. *See, e.g., Froland v. Yamaha Motor Co.*, 296 F. Supp. 2d 1004,

*continued on next page...*

SUPREME COURT
OF
NEVADA

(O) 1947A

In summation, the plain language of NRCP 4(e)(1)(iii) requires a party serving process by publication to mail the summons and complaint to any defendant whose address is known. Thus, as Loeb knows the Jiang parties' addresses, we conclude that, under Nevada's rules, Loeb would be required to mail copies of the summons and complaint to the Jiang parties before service by publication could be deemed complete. But because the Jiang parties live in China, doing so constitutes the transmittal of judicial documents for service abroad. As a result, the district court correctly determined that Loeb was required to comply with the terms of the Hague Convention to effectuate service of process on the Jiang parties.[7]

---

*...continued*
1007-08 (D. Minn. 2003) (holding that the Hague Convention applied because, while Minnesota law permitted a foreign corporation to be served with process through the secretary of state's office, the applicable statute also required the secretary of state to mail a copy of the summons to the foreign corporation before service was effectuated); *Quinn v. Keinicke*, 700 A.2d 147, 154 (Del. Super. Ct. 1996) (where Delaware's nonresident motor vehicle statute permitted service of process on the secretary of state, the Hague Convention was applicable because service was not complete under the statute until a copy of the summons was mailed to the foreign defendant).

[7]The Jiang parties also argue that service by publication alone is unconstitutional because it does not satisfy due process. In light of our conclusions herein, it is not necessary for us to reach this issue. *See Miller v. Burk*, 124 Nev. 579, 588-89, 188 P.3d 1112, 1118-19 (2008) (explaining that this court "will not decide constitutional questions unless necessary").

Accordingly, we deny the writ petition.[8]

_____ , J.
Hardesty

We concur:

_____ , C. J.
Pickering

_____ , J.
Gibbons

_____ , J.
Parraguirre

_____ , J.
Douglas

_____ , J.
Cherry

_____ , J.
Saitta

---

[8]In issuing this opinion, we make no comment on the effectiveness of service of process by publication on a party residing outside of the United States when that party's address is not known.

