**132 Nev., Advance Opinion 29**

# IN THE SUPREME COURT OF THE STATE OF NEVADA

GRUPO FAMSA, S.A. DE C.V.,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE ROB
BARE, DISTRICT JUDGE,
Respondents,
   and
B.E. UNO, LLC,
Real Party in Interest.

No. 68626

**FILED**

APR 2 1 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

Original petition for a writ of prohibition challenging a district court order denying a motion to quash service of process.

*Petition granted in part.*

Fennemore Craig, P.C., and Christopher H. Byrd and Daniel Nubel, Las Vegas; Levinson Arshonsky & Kurtz, LLP, and Richard I. Arshonsky, Sherman Oaks, California,
for Petitioner.

Goold Patterson and Kelly J. Brinkman, Las Vegas,
for Real Party in Interest.

BEFORE HARDESTY, SAITTA and PICKERING, JJ.

*OPINION*

By the Court, HARDESTY, J.:

In this petition, we consider whether constitutional due process is satisfied when service of process on a foreign company pursuant to the

16-12417

Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (Hague Convention) depends solely upon a certificate of compliance issued by the foreign nation's central authority. We hold that it is not and that the district court failed to conduct the necessary fact-finding to determine whether service was constitutionally sufficient in this case. Therefore, we grant the petition in part.

## FACTS AND PROCEDURAL HISTORY

Real party in interest B.E. Uno, LLC (Uno) owns a shopping center in Las Vegas, Nevada. Famsa, Inc. (Famsa) entered into a lease agreement for commercial retail space at the shopping center. Petitioner Grupo Famsa, S.A. de C.V. (Grupo), a publicly traded Mexican company, agreed to guaranty the Famsa lease. Famsa failed to comply with the terms of the lease, and Uno filed a complaint in district court against Famsa and Grupo for breach of the commercial lease and guaranty.

As Grupo is a Mexican company, and as the United States and Mexico are both signatories to the Hague Convention, Uno served Grupo through the procedures outlined in the Hague Convention. The parties do not dispute that serving Grupo through the procedures outlined in the Hague Convention was appropriate.

The Hague Convention requires all signatories to "designate a 'Central Authority' whose responsibility it is to accept requests of service from any other signatory nation." 4B Charles Alan Wright et al., *Federal Practice and Procedure* § 1134 (4th ed. 2015). The documents to be served must be attached to a formal request form and sent to "the Central Authority of the nation where service is to be carried out." *Id.* "If there is no error in the documents, the Central Authority in the country of service will then . . . serve the defendant named in the documents according to its

own local laws . . . ." *Id.* "[O]nce service has been performed[,] the Central Authority . . . complete[s] an official form, . . . certifying the time, place, and method of service, as well as indicating on whom the documents were served." *Id.*

In this case, the Mexican Central Authority issued a certificate of proof of international service of process upon Grupo. The certificate states that a woman named Claudia Palomo Martinez was served with process and that she was an "employee in [Grupo's] legal department." Grupo subsequently filed a motion to quash service of process, arguing that Martinez was not an "employee in [Grupo's] legal department," but rather, she was a hostess employed to greet individuals coming into the store. Grupo submitted a declaration from its legal director stating this was Martinez's role. Grupo argued that because Martinez was not an agent, officer, or representative of Grupo, she had no authority to accept legal documents on Grupo's behalf, and therefore, service of process was constitutionally deficient. Uno argued that, even if Martinez was a hostess, service of process nonetheless complied with Mexican law and the Hague Convention. Uno submitted a declaration from an attorney licensed to practice in Mexico stating he believed the service complied with Mexican law.

During the hearing on the motion to quash, the district court stated multiple times that it did not know whether Martinez was merely a hostess or someone more involved with the company. Nonetheless, the district court denied Grupo's motion to quash service of process, stating that Grupo was properly served "under the laws of Mexico as well as the Hague Convention and that such service efforts satisfied constitutional standards of Due Process." Grupo now petitions this court for a writ of

prohibition, seeking to prohibit the district court from exercising jurisdiction over Grupo due to insufficient service of process.

## DISCUSSION

"It is well established that [a] writ of prohibition is the appropriate remedy for a district court's erroneous refusal to quash service of process." *Casentini v. Ninth Judicial Dist. Court*, 110 Nev. 721, 724, 877 P.2d 535, 537-38 (1994) (alteration in original) (internal quotation marks omitted). Furthermore, given the "early stage of the proceedings and the need for efficient judicial administration, an appeal would not be a speedy and adequate legal remedy in this case." *Loeb v. First Judicial Dist. Court*, 129 Nev., Adv. Op. 62, 309 P.3d 47, 50 (2013). Therefore, we will exercise our discretion to entertain the merits of the petition.

"This court applies a de novo standard of review to constitutional challenges." *Callie v. Bowling*, 123 Nev. 181, 183, 160 P.3d 878, 879 (2007). Grupo argues that service of process was not constitutionally effective because Martinez was not an agent, officer, or representative so integrated with the company that she knew what to do with the papers. Uno argues that our nation's concept of due process was incorporated into the Hague Convention, and thus, by satisfying the requirements of the Hague Convention, service of process necessarily satisfied constitutional due process. We reject Uno's argument; however, we also reject Grupo's standard for what constitutes constitutional service of process on a foreign corporation.

"An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314

SUPREME COURT
OF
NEVADA

(O) 1947A

4

(1950); *see also Lidas, Inc. v. United States*, 238 F.3d 1076, 1084 (9th Cir. 2001) ("Due process merely requires notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action." (internal quotation marks omitted)). "[W]hether a particular method of notice is reasonable depends on the particular [factual] circumstances." *Tulsa Prof'l Collection Servs., Inc. v. Pope*, 485 U.S. 478, 484 (1988).

Grupo cites a number of cases for the proposition that due process requires service on an agent, officer, or representative. The cited cases, however, do not provide a standard for what method of service comports with constitutional due process. Rather, they discuss the requirements of federal or state rules. *See Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988); *Tara Minerals Corp. v. Carnegie Mining & Expl., Inc.*, No. 2:11-CV-01816-KJD-GWF, 2012 WL 760653, at *1 (D. Nev. Mar. 7, 2012); *R. Griggs Grp. Ltd. v. Filanto Spa*, 920 F. Supp. 1100, 1102-03 (D. Nev. 1996); *Cont'l Convention & Show Mgmt. v. Am. Broad. Co.*, 41 N.W.2d 263, 265 (Minn. 1950). Although it is certainly relevant whether the person receiving process on a foreign corporation's behalf is an agent, officer, or representative of that corporation, that information is only useful insofar as it helps demonstrate that notice was "reasonably calculated . . . to apprise interested parties of the pendency of the action." *Mullane*, 339 U.S. at 314. Therefore, the fact that Martinez may not have been an agent, officer, or representative of Grupo does not end the analysis because service may still have been performed in a manner reasonably calculated to apprise Grupo of the action.

Furthermore, constitutional due process is not necessarily satisfied merely because the foreign nation's central authority has issued a

certificate of compliance. We recognize the Hague Convention, like our nation's concept of due process, works to ensure judicial documents are brought to the attention of the defendant within a reasonable time. Hague Convention pmbl., Nov. 15, 1965, 20 U.S.T. 361, 362. However, we are not convinced that a constitutional inquiry is inappropriate or unnecessary where the Hague Convention applies. Indeed, a due process inquiry is necessary to ensure the veracity of the certificate when the underlying facts are contested.

We also acknowledge that many jurisdictions have either explicitly or implicitly held that whether service complies with the Constitution is a separate, albeit related, question from whether service complies with the Hague Convention. *See Burda Media, Inc. v. Viertel*, 417 F.3d 292, 303 (2d Cir. 2005) ("[I]n addition to the Hague Convention, service of process must also satisfy constitutional due process."); *Lidas, Inc.*, 238 F.3d at 1084 (suggesting that, although the Hague Convention did not require actual receipt of notice of an IRS summons, a constitutional due process inquiry was still necessary); *Ackermann v. Levine*, 788 F.2d 830, 838 (2d Cir. 1986) ("Service of process must satisfy both the statute under which service is effectuated and constitutional due process. The statutory prong is governed principally by the Hague Convention . . . ."); *Heredia v. Transp. S.A.S., Inc.*, 101 F. Supp. 2d 158, 162 (S.D.N.Y. 2000) ("In addition to the Hague Convention, service of process must also satisfy constitutional due process."); *Eli Lilly & Co. v. Roussel Corp.*, 23 F. Supp. 2d 460, 474 (D.N.J. 1998) ("Service of process must satisfy both the statute under which service is effectuated [in this case, the Hague Convention] and constitutional due process." (internal quotation marks omitted)); *R. Griggs Grp. Ltd.*, 920 F. Supp. at 1103 ("Service of process must comply with both

constitutional and statutory requirements," where the statutory requirement referred to the Hague Convention).

As such, where the Hague Convention applies, we hold that service of process must comply with both the Constitution and the Hague Convention. Having so held, we further hold that the district court erred in concluding that "such service efforts [which supposedly complied with Mexican law] satisfied constitutional standards of Due Process" without conducting the necessary fact-finding. Although Uno may have followed the procedures outlined in the Hague Convention, the Mexican Central Authority's service efforts may have amounted to no more than handing off judicial documents to the equivalent of "a greeter at Wal-Mart"—service efforts that, if true, would be unlikely to satisfy constitutional due process absent extenuating circumstances.[1] Therefore, we conclude an evidentiary hearing on the matter is appropriate to determine whether service here was "reasonably calculated, under all the circumstances, to apprise [Grupo] of the pendency of the action."[2] *Mullane*, 339 U.S. at 314.

---

[1]We note that the Hague Convention provides multiple means through which a party may effectuate service of documents abroad; therefore, one need not necessarily employ a foreign nation's central authority to comply with the Hague Convention.

[2]Although the district court has the discretion to allow the plaintiff to make a prima facie showing of personal jurisdiction prior to trial, in doing so, the plaintiff would continue to carry the burden to prove jurisdiction by a preponderance of the evidence at trial. *See Trump v. Eighth Judicial Dist. Court*, 109 Nev. 687, 692-93, 857 P.2d 740, 743-44 (1993). However, we note that the better practice with issues concerning service of process is to resolve the matter pretrial through an evidentiary hearing, especially where the issue is not particularly complicated.

## CONCLUSION

Given the early stage of the proceedings and the nature of the issue raised, we conclude our intervention is warranted. We hold that the issuance of a certificate of compliance from a foreign nation's central authority does not necessarily guarantee compliance with constitutional due process. We further hold that the district court failed to conduct the necessary fact-finding in determining whether service of process complied with constitutional due process. Accordingly, we grant the petition in part and direct the clerk of this court to issue a writ of prohibition instructing the district court to vacate its order denying Grupo's motion to quash service of process so that an evidentiary hearing may be held on the matter.

_____, J.
Hardesty

We concur:

_____, J.
Saitta

_____, J.
Pickering

Supreme Court
OF
Nevada

(O) 1947A