# IN THE SUPREME COURT OF THE STATE OF NEVADA

GONG TAO, AN INDIVIDUAL,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
GLORIA STURMAN, DISTRICT
JUDGE,
Respondents,
    and
LEILANI ALIPIO SPRESSER, AN
INDIVIDUAL,
Real Party in Interest.

No. 80308

FILED

JUL 2 4 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER GRANTING PETITION FOR WRIT OF PROHIBITION

This original petition for a writ of prohibition challenges a district court's order denying petitioner's motion to quash service of process.[1] Petitioner Gong Tao, a Chinese citizen, was involved in a motor vehicle collision with real party in interest Leilani Spresser while he was visiting Las Vegas. Spresser initiated service of process on Tao in China through the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (Hague Service Convention). While this service of process was pending, Spresser also

---

[1]While petitioner alternatively sought a writ of mandamus, "a writ of prohibition is the appropriate vehicle to challenge a district court's refusal to quash service of process." *Dahya v. Second Judicial Dist. Court*, 117 Nev. 208, 211, 19 P.3d 239, 241 (2001).

Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted.

SUPREME COURT
OF
NEVADA

(O) 1947A

20-27004

served Tao through the Nevada Department of Motor Vehicles (DMV) pursuant to NRS 14.070(2). Tao filed a motion to quash service of process arguing that service through the DMV was insufficient because Spresser could only effectuate service pursuant to the Hague Service Convention. In denying Tao's motion, the district court determined that service pursuant to NRS 14.070(2) was permissible under NRCP 4.3(b)(1)(C).

We conclude the district court exceeded its jurisdiction in denying Tao's motion to quash service of process when the district court never acquired jurisdiction over Tao as a result of defective service because Tao could not be served in China under NRS 14.070. *See Loeb v. First Judicial Dist. Court*, 129 Nev. 595, 599, 309 P.3d 47, 50 (2013) (explaining that this court reviews a district court's interpretation of statutes, international treaties, and the Nevada's Rules of Civil Procedure de novo). First, because China is a signatory to the Hague Service Convention, the district court erred in concluding that China was not. Additionally, because Spresser had Tao's address in China, the Hague Service Convention applied to govern service of process on Tao. *See id.* at 600, 309 P.3d at 50 ("The Hague [Service] Convention . . . applies when the address of the person to be served is known.").

Moreover, the district court erred in ruling that Spresser properly effectuated service on Tao through NRS 14.070 and NRCP 4.3(b)(1)(C). NRS 14.070, which applies to claims against nonresident motorists who have departed the state, allows substitute service by registered or certified mail in an action arising from an automobile accident. Because China's Declarations and Reservations on the Hague Service Convention provide that China only allows defendants to be served through the Central Chinese Authority (CCA) and China's formal objections to the

SUPREME COURT
OF
NEVADA

(O) 1947A

2

Hague Service Convention preclude service on an individual through postal channels, we conclude service pursuant to NRS 14.070 in China, which does not go through the CCA and results in service through postal channels, is preempted by the Hague Service Convention. *Loeb*, 129 Nev. at 600, 309 P.3d at 50 (citing Hague Service Convention art. 1, 20 U.S.T. 361, 362) ("If the Hague [Service] Convention applies, any inconsistent state law methods of service are preempted."); *see also Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 699 (1988) ("By virtue of the Supremacy Clause, U.S. Const., Art. VI, the [Hague Service] Convention pre-empts inconsistent methods of service prescribed by state law in all cases to which it applies.").

Because Spresser's service under NRS 14.070 did not comport with the Hague Service Convention or Chinese law, the district court never acquired jurisdiction over Tao, and thus, exceeded its jurisdiction by denying Tao's motion to quash service of process. Thus, we conclude writ relief is appropriate. Accordingly, we

ORDER the petition GRANTED AND DIRECT THE CLERK OF THIS COURT TO ISSUE A WRIT OF PROHIBITION instructing the district court to grant Tao's motion to quash service of process.

_____, J.
Gibbons

_____, J.
Stiglich

_____, J.
Silver



cc: Hon. Gloria Sturman, District Judge
Hall Jaffe & Clayton, LLP
Hale Injury Law
Eighth District Court Clerk