Michael Joseph HALEY, Appellant,

v.

Lindsay W. SIMMONS et al.,
Appellees.

No. 75–1925.

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 23, 1975.

Decided Jan. 14, 1976.

David A. Lang, St. Louis, Mo., made appearance in this Court for appellant but did not file brief or make oral argument.

Limbaugh, Limbaugh & Russell, Cape Girardeau, Mo., represented appellees in this Court but did not make appearance and did not file brief for appellees.

Before HEANEY, BRIGHT and ROSS, Circuit Judges.

PER CURIAM.

Appellees move to dismiss this appeal on grounds that the notice of appeal was filed beyond the period allowed therefor by F.R.A.P. 4(a). We dismiss the appeal, but for the reason that it is premature.

Appellant, Michael Haley, sued the several defendant-appellees, alleging that the Southeast Missouri State University Nurses Training Program discriminated against him on the basis of sex in violation of 42 U.S.C. § 1983 and the Fourteenth Amendment. On September 29, 1975 the district court quashed service of process as to five of the defendant-appellees,[1] and dismissed the action against the remainder on other grounds. On October 30, 1975, appellant filed a notice of appeal from that portion of the court's order dismissing the action

---

1. The defendants as to whom service was quashed were members of the University's Board of Regents. Service was made by delivering the summonses to another board member as their agent. The court found that the latter board member was not authorized to accept service for the other defendants.

against the properly served defendant-appellees.

 The district court's order of September 29, 1975, did not expressly dismiss the action as to the improperly served defendant-appellees. Nor is dismissal invariably required where service is ineffective: under such circumstances, the court has discretion to either dismiss the action, or quash service but retain the case. *See e. g. Stanga v. McCormick Shipping Corp.,* 268 F.2d 544, 554 (5th Cir. 1959); *Miller v. Cousins Properties, Inc.,* 378 F.Supp. 711, 716 (D.Vt.1974); *North Central Utilities, Inc. v. Consolidated Pipe & Supply Co.,* 62 F.R.D. 676, 681 (W.D.La.1974). *See generally,* 5 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE, § 1354, at 584–87 (1969). Since no dismissal as to the improperly served defendant-appellees appears in the record, we must assume that the district court retained jurisdiction for purposes of allowing further attempts to serve process. Accordingly, the rights and liabilities of all of the parties to the action have not yet been resolved. There appearing in the record no certification pursuant to F.R. C.P. 54(b), the district court's order of September 29, 1975, is not a final appealable order under 28 U.S.C. § 1291. We therefore lack jurisdiction. *See Sargent v. Johnson,* 521 F.2d 1260 (8th Cir. 1975); *Lane v. Graves,* 518 F.2d 965 (8th Cir. 1975).

The appeal is dismissed.[2]

---

**2.** Were the district court's order appealable, appellant's notice of appeal would be untimely, since it was filed beyond the 30 days allowed for appeal under F.R.A.P. 4(a) and appellant has made no showing of excusable neglect. *See Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Kurtenbach,* 525 F.2d 1179 (8th Cir. 1975).