**Betty Lou COBB, Plaintiff,**

**v.**

**William STRINGER, Superintendent of Schools of the Ashdown School District No. 31 of Little River County, Ashdown Arkansas, in his Official Capacity and Anne Douglas, Helen Russell and Floyd White, Members of the Board of Education, Individually and in their Official Capacities, and Sonny Cobb and Mickey Lewis, Members of the Board of Education in their Official Capacities, Defendants.**

No. 85–4021.

United States District Court,
W.D. Arkansas,
Texarkana Division.

March 23, 1987.

Order June 3, 1987.

Lazer M. Palnick, John Walker Law Firm, Little Rock, Ark., for plaintiff.

Jim Hunter Birch, Rose Law Firm, Little Rock, Ark., for defendants.

## MEMORANDUM OPINION

OREN HARRIS, District Judge.

Before the Court is a Motion to Dismiss Complaint and/or For Partial Summary Judgment filed on behalf of the above-named defendants. Plaintiff has filed a response in opposition to the motion and both parties have filed a subsequent reply and response on the issues raised in the motion.

On February 5, 1985, plaintiff filed her original complaint in this Court alleging discrimination in employment by defendants on the basis of sex and seeking relief pursuant to the Fourteenth Amendment to the U.S. Constitution and 42 U.S.C. Sections 1983 and 2000e. Plaintiff filed an Amended Complaint on March 25, 1985. In response to plaintiff's complaint defendants filed their motion to dismiss on April 1, 1985. Plaintiff filed further amended complaints in addition to her response to defendants' motion to dismiss. Her final amended complaint was filed July 15, 1985.

By Order of the Court, it was established that the issues raised by defendants in their Motions to Dismiss and/or For Partial Summary Judgment would be considered as a response to plaintiff's final amended complaint.[1] Defendants raise six issues as the bases in support of their motions.

Defendants first contend that plaintiff's charge of discrimination was not timely filed with the Equal Employment Opportunity Commission (EEOC) and, therefore, all of plaintiff's claims under Title VII, 42 U.S.C. Section 2000e et seq. should be dis-

---

1. This order was entered by the Honorable George Howard, Jr., United States District Judge to whom this case was assigned prior to its transfer to the Judge of this Court, the Honorable Oren Harris, United States District Judge, on August 4, 1986.

missed. 42 U.S.C. Section 2000e–5(e) requires that a charge of discrimination must be filed with the EEOC within 180 days after the alleged unlawful employment practice (discrimination) occurred. Furthermore, 42 U.S.C. Section 2000e–5(f)(1) limits the filing of a civil action in district court to charges timely filed with the EEOC. Upon dismissal of the charge by the Commission, a complaint must be filed within 90 days of the date the Notice of Right to Sue is issued by the Commission. *Id.* Additionally, timely filing of an EEOC charge is a prerequisite to the filing of a civil action in federal court. *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982); *Babrocky v. Jewel Food Co. & Retail Meatcutters,* 773 F.2d 857 (7th Cir.1985).

In this action plaintiff first filed a charge of discrimination with the EEOC on September 7, 1984. In that charge plaintiff asserted that defendants had discriminated against her because of her sex. Her specific contentions in that charge were that, since 1982, she had been denied the opportunity to apply for the administrative position of Assistant Principal for which she qualified and that defendants hired a male, who did not meet the job requirements, to fill the position in 1982. Plaintiff also states in her charge that defendants have failed to follow school board policy to post the availability of administrative positions. In order for plaintiff to meet the timely filing requirement, she must allege in her charge unlawful employment practices which have occurred within 180 days of the filing of her charge, i.e., 180 days prior to September 7, 1984.

Plaintiff responds to defendants' motion by stating that her charge was timely filed because her original Charge of Discrimination was filed 160 days from the date of her alleged demotion from Kindergarten Principal to classroom teacher. However, no such allegation is stated in plaintiff's original Charge of Discrimination. Plaintiff does include her demotion from Kindergarten Principal to teacher on March 28, 1984, in her "amended" Charge of Discrimination filed on October 29, 1984. However, this filing is 214 days from the date of plaintiff's alleged demotion. Plaintiff contends that this amended filing relates back to the original filing on September 7, 1984, and is, therefore, timely filed.

■ Plaintiff contends by the allegations in her original claim of discrimination that defendants have denied her the opportunity to apply for the administrative position of Assistant Principal since 1982, establishing a continuing violation of Title VII. In establishing a continuing violation emphasis is placed upon not merely the continuity of the violation but whether any present violation exists. Merely continuing impact from a past violation is not actionable under Title VII. *United Air Lines, Inc., v. Evans,* 431 U.S. 553, 97 S.Ct. 1885, 52 L.Ed.2d 571 (1977); *Reed v. Lockheed Aircraft,* 613 F.2d 757 (9th Cir.1980).

■ From a review of plaintiff's Charge the Court finds that the complaints raised therein refer to the present impact of past alleged unlawful employment practices. Plaintiff has failed to cite specific incidents of conduct by defendants since the hiring of the male assistant principal in 1982 which would establish a present violation. It is clear that the 1982 incident occurred well outside the 180 day requirement for filing a charge with the EEOC. Therefore, the Court is of the opinion that plaintiff's original filing with the EEOC was untimely. Consequently, plaintiff's contention that her amended Charge relates to the date of filing of her original Charge also fails. The untimeliness of the filing of the amended Charge cannot be cured by relating back to a previous untimely filed original Charge.

Furthermore, the Court recognizes that the alleged demotion incident which plaintiff includes in her amended Charge occurred well before the date of her original filing with the EEOC. Thus, she had knowledge of this purported discriminatory act by defendants in time to have included it in her original filing on September 7, 1984. The Court must also give credence to the EEOC's finding as set out in plaintiff's Right to Sue Notice that her Charge was not timely filed with the Commission.

The Commission has been established as the agency initially responsible for the enforcement of the provisions of Title VII and its findings as to proper filing under the procedures set forth in Title VII will be given due deference by the Court. 42 U.S.C. Section 2000e–5(a).

■ Defendants' next contention is that plaintiff's claims against certain individual named defendants under Title VII should be dismissed for failure to name them in the EEOC Charge of Discrimination. Based upon the Court's above finding that plaintiff's EEOC charges were untimely filed and, therefore, all Title VII claims should be dismissed, this contention of defendants' is now moot.

Defendants also argue that plaintiff named the wrong school district in her summons and complaint and, therefore, the Court lacks jurisdiction over the defendant school district under the Fed.Rules of Civ. Pro., Rule 12(b)(2). Rule 12(b)(2) provides in pertinent part as follows:

Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: ... (2) lack of jurisdiction over the person, ...

Specifically, defendants state that plaintiff's summons and complaint served on each named defendant incorrectly named the defendant school district as the "Little River County School District" rather than the "Ashdown School District No. 31 of Little River County" (Ashdown). Defendants contend that because the summons, complaint, notice and acknowledgment and receipt of summons and complaint, and return of service all contain this defect and because service has been attempted on parties not properly named, the Court does not have jurisdiction over the person of Ashdown. The requirements for process and service of process are established in Rule 4, Fed.Rules of Civ.Pro., which states:

The summons shall be signed by the clerk, be under the seal of the court, contain the name of the court and the names of the parties, be directed to the defendant ...

Defendants' contention that there is insufficient process and/or service of process is also addressed in Rules 12(b)(4) and 12(b)(5) of the Fed.Rules of Civ.Pro. Dismissal is not required under these circumstances. In the alternative, defendants request that the Court quash the service of process under 12(b)(4) and 12(b)(5). Where service is found by the court to be ineffective, the court has discretion to either dismiss the action or quash service and retain the case. *Haley v. Simmons*, 529 F.2d 78, 79 (8th Cir.1976).

Defendants request dismissal of the action against Ashdown pursuant to Rule 12(b)(4) on the basis that the defendant Ashdown is misnamed in the summons and that the summons does not contain the name of the party served as required by Rule 4(b). Defendants further object to the method of service of the summons under Rule 12(b)(5) in that none of the named defendants are authorized to accept service of process for named defendant "Little River County School District" and no agency relationship exists between "Little River" and the other named defendants.

Plaintiff counters that the Court does have personal jurisdiction over Ashdown despite the misnomer in the original complaint and summons. Plaintiff states that defendant Ashdown received actual notice of the commencement of this action although plaintiff failed to give the official name of the school district. The purpose behind Rule 4's requirements for service of process is to insure that the defendant receives actual knowledge of the commencement of the action against him. *Goldlawr, Inc. v. Shubert*, 169 F.Supp. 677, 689 (E.D. Pa.1958). "(A) misnomer in process is not fatal, where the defendant is actually before the Court, has been served and is not prejudiced by the mistake." *Tention v. Southern Pacific Railroad Co.*, 336 F.Supp. 25 (D.S.C.1972).

■ In the present case the defendant school district has made no contention that

it was not actually served notice of this action being filed. The only contention is that none of the named defendants are an agent for service of process for the defendant as named in the summons, "Little River County School District". However, a misnomer is not fatal where the defendant has been actually served, is presently before the court and no prejudice to the defendant has resulted. *Tention v. Southern Pacific*, supra. The record herein indicates that the purpose of service of process has been accomplished and no prejudice has resulted to any defendant. Therefore, the Court finds that defendants' motion to dismiss or to quash service pursuant to Rules 12(b)(4) and 12(b)(5) should be denied.

Defendants' final contention is that plaintiff's complaint fails to state a claim for relief under 42 U.S.C. Section 1983. In her complaint plaintiff alleges that she has been subjected to disparate treatment on the basis of her sex. She states that the policies and practices of the defendant school district have deprived her of her equal protection and due process rights in violation of 42 U.S.C. Section 1983.

Defendants state that the plaintiff has failed to allege any factors showing that she was deprived of liberty or property by someone acting under color of law without due process of law. Specifically, defendants argue that plaintiff has not alleged by whom she was removed from her position as kindergarten principal or that she has some sort of property interest in the position. Furthermore, defendants contend that there is no allegation that her removal was in violation of state law, pursuant to an official procedure or that there are no administrative or state court remedies for the removal.

Plaintiff has also contended in her complaint that she was not given an opportunity to apply for another administrative position. Defendants assert that plaintiff does not state that she has completed any requisite procedural steps or qualifications creating a property interest in a "right to apply" nor that her liberty right to apply was stigmatized or limited. Therefore, there is no property or liberty interest in

making an application for an administrative position. Defendants also state that even if there were allegations showing a liberty or property interest in the right to apply for an administrative position, plaintiff was not deprived of this right without due process of law. Plaintiff admits to the availability of an administrative remedy, a hearing which was provided. Plaintiff made no allegation that the state procedures provided were inadequate.

Plaintiff further alleges in the complaint that the defendants falsified records, purposely delayed affording plaintiff her due process rights and violated state regulations. Defendants simply assert that these allegations do not concern the absence of procedures but rather the failure to follow the established procedures which does not state a cause of action under Section 1983. *L & H Sanitation*, 585 F.Supp. 120 (E.D. 1984)

Defendants' final argument in regard to plaintiff's 1983 claim is that in reality it is a claim for relief against the school board based on respondeat superior. It is contended that liability will run to the employer, defendant school district, although the complaint only alleges that the individuals violated official policy and procedure. It does not allege any injury caused by any statute, ordinance, regulation, custom or usage officially sanctioned by the school district or that the school district in any other way directly deprived plaintiff of any protected rights.

42 U.S.C. § 1983 provides in pertinent part as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects or causes to be subjected, any ... person ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

There are two essential elements of a 1983 action which have been clearly established by the United States Supreme Court. These two elements are (1) whether the

conduct complained of was committed by a person acting under color of state law; and (2) whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 533, 101 S.Ct. 1908, 1911, 68 L.Ed.2d 420 (1981). There is no dispute that the first element of a 1983 action has been established. However, defendants contend that plaintiff has failed to establish the second element by her failure to allege the deprivation of any rights without due process of law.

Defendants contend that plaintiff has not been deprived of liberty or property protected by the due process clause of the Fourteenth Amendment. The United States Supreme Court in *Board of Regents v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972), the court defined both liberty and property interests in the context of a Fourteenth Amendment due process claim. The court stated:

> Certain attributes of "property" interests protected by procedural due process emerge from these decisions. To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it. It is a purpose of the ancient institution of property to protect those claims upon which people rely in their daily lives, reliance that must not be arbitrarily undermined. It is a purpose of the constitutional right to a hearing to provide the opportunity for a person to vindicate those claims.

*Roth*, 408 U.S. at 577, 92 S.Ct. at 2709.

The *Roth* court also addressed the concept of a liberty interest as follows:

> It stretches the concept too far to suggest that a person is deprived of "liberty" when he simply is not rehired in one job but remains as free as before to seek another."

*Roth*, 408 U.S. at 575, 92 S.Ct. at 2708.

After careful review and consideration, the Court is of the opinion that the allegations contained in plaintiff's complaint are insufficient to state a claim for relief under 42 U.S.C. Section 1983. A complaint alleging violation of civil rights should not be dismissed unless it appears to a certainty that the plaintiff is entitled to no relief under a state of facts which could be proved in support of (her) claim. *Cruz v. Cardwell*, 486 F.2d 550, 552 (8th Cir.1973) citing *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). Plaintiff's complaint has failed to allege a policy, practice, or procedure followed by defendants which resulted in a deprivation of her constitutionally protected liberty or property rights. Plaintiff has not alleged a state of facts which could be proved in support of her claim of deprived property or liberty interests as those interests have been defined in *Roth*. Even if such interests could be proved, plaintiff has failed to allege any facts which support her claim that she was deprived of these without due process of law. An administrative hearing was provided subsequent to her "demotion" from kindergarten principal to teacher as required by state law. No allegations have been made that the state procedure were inadequate. Any allegations that state procedures were not followed do not state a cause of action under Section 1983 because state law provides a remedy for violations of state law.

In accordance with the findings herein the Court is of the opinion that defendants' Motion to Dismiss and/or For Partial Summary Judgment is well taken and should be granted.

Findings of fact and conclusions of law are incorporated herein pursuant to Rule 52, Fed.Rules of Civ.Pro.

A separate judgment shall be entered contemporaneously herewith.

## ORDER

Before the Court is a Motion For Leave to Present Newly Discovered Evidence filed on behalf of the plaintiff, Betty Lou Cobb. Defendants have filed a response in opposition.

On February 5, 1985, plaintiff filed her original complaint in this Court alleging

discrimination in employment by defendants on the basis of sex and seeking relief pursuant to the Fourteenth Amendment to the U.S. Constitution and 42 U.S.C. §§ 1983 and 2000e et seq. In response to the complaint defendants filed a motion to dismiss on April 1, 1985. Further amended complaints were filed by plaintiff in addition to her response to the motion to dismiss. Plaintiff's final amended complaint was filed on July 15, 1985. On March 23, 1987, the Court rendered its decision on the defendants' Motion to Dismiss Complaint and/or For Partial Summary Judgment and entered a Memorandum Opinion and Judgment granting the motion and dismissing plaintiff's complaint with prejudice.

Plaintiff seeks relief from the final judgment of the Court entered March 23, 1987, pursuant to Rule 60, Fed.Rules of Civ.Pro., on the basis of newly discovered evidence.

Rule 60(b) provides in pertinent part as follows:

> On motion and upon such terms as are just, the court may relieve a party or his legal represenative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, suprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move fro a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; (6) or any other reason justifying relief from the operation of the judgment ...

In her motion plaintiff requests leave to present newly discovered evidence citing Rule 60(b)(1), (2) and (6). "Rule 60(b) provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *Hoffman v. Celebrezze*, 405 F.2d 833, 835 (8th Cir. 1969). Specifically, Rule 60(b)(2) provides

relief from a judgment only when it is shown "(1) that the evidence was actually 'newly discovered'; that is, it must have been discovered subsequent to the trial; (2) that the movant exercised due diligence; and (3) that the evidence is material, not merely impeaching or cumulative, and that a new trial would probably produce a different result." *Warner v. Transamerica Ins. Co.*, 739 F.2d 1347, 1353 (8th Cir.1984). Furthermore, in granting relief under Rule 60(b) the court is given broad discretion as to the type of relief it might grant. *Conerly v. Flower*, 410 F.2d 941 (8th Cir.1969).

The Court has carefully reviewed plaintiff's motion and the assertions of newly discovered evidence raised therein. From this review and consideration the Court finds that plaintiff has failed to show any actual "newly discovered" evidence which was unavailable prior to the Court's entry of Judgment and which would have produced a different result. Furthermore, the Court finds no evidence of mistake, inadvertence, surprise or excusable neglect which would entitle plaintiff to relief from the judgment entered. The Court is of the opinion that there has been no showing of exceptional circumstances which would justify relief from the operation of the judgment entered and therefore, plaintiff's motion for relief pursuant to Rule 60(b) should be denied.

IT IS THEREFORE CONSIDERED, ORDERED AND ADJUDGED that plaintiff's Motion For Leave to Present Newly Discovered Evidence should be and the same is hereby denied. The Judgment of the Court entered on March 23, 1987, remains in full effect and operation.