Erik J. **FROLAND**, Plaintiff,

v.

**YAMAHA MOTOR COMPANY, LTD., a foreign corporation, and Yamaha Motor Corporation, USA, a California corporation, Defendants.**

**No. CIV. 02–4226(DSD/JGL).**

United States District Court,
D. Minnesota.

Nov. 16, 2003.

Gary T. LaFleur, Esq., Stephanie A. Riley, Esq. and Babcock, Neilson, Mannella, LaFleur & Klint, Anoka, MN, counsel for plaintiff.

Brian N. Johnson, Esq., Cortney G. Sylvester, Esq. and Halleland, Lewis, Nilan, Sipkins & Johnson, Minneapolis, MN, counsel for defendants.

### ORDER

DOTY, District Judge.

This matter is before the court upon the motion of defendant Yamaha Motor Company, Ltd., to dismiss for insufficiency of service of process. For the following reasons, defendant's motion is denied, but plaintiff's purported service of process upon Yamaha Motor Company, Ltd. is quashed.

### BACKGROUND

Plaintiff was injured while operating a motorcycle designed and manufactured by defendant Yamaha Motor Company, Ltd. ("Yamaha Ltd.") and marketed in the United States by defendant Yamaha Motor Corporation, U.S.A., Ltd. ("Yamaha U.S.A."). Yamaha Ltd. is a Japanese corporation with its principal place of business in Japan. Yamaha U.S.A. is a California corporation with its principal place of business in California, U.S.A.

Plaintiff filed the present action in state court in Anoka County, Minnesota, alleging strict products liability, negligent design and manufacturing and breach of warranty. Defendants removed the action to this court pursuant to 28 U.S.C. § 1441. Prior to removal, plaintiff effected service of the summons and complaint on Yamaha U.S.A. through its registered agent in Minnesota. Plaintiff attempted to effect service upon Yamaha Ltd. by serving the documents on the Minnesota Secretary of State, who in turn sent the summons and complaint to Yamaha Ltd. in Japan via registered mail. The documents sent by the Minnesota Secretary of State to Yamaha Ltd. were exact duplicates of those served on Yamaha U.S.A. The documents were not translated into the Japanese language. Yamaha Ltd. now moves to dismiss the complaint against it pursuant to Rules 4 and 12(b)(6) of the Federal Rules of Civil Procedure.

### DISCUSSION

**I. Motions to Dismiss for Insufficiency of Service**

Although Yamaha Ltd. brings its motion pursuant to Rules 4 and 12(b)(6), it alleges insufficiency of service of process, which implicates Rule 12(b)(5). *See* Fed. R.Civ.P. 12(b)(5) (defense of insufficiency of service of process may be made by motion to dismiss). An individual defendant, or in some cases, an entire action, may be dismissed when a plaintiff fails to properly serve the summons and complaint. *See Marshall v. Warwick*, 155 F.3d 1027, 1030 (8th Cir.1998). However, dismissal is not always required when service has been deemed improper. *See Ha-*

*ley v. Simmons*, 529 F.2d 78, 79 (8th Cir. 1976); *see also 5A Charles Alan Wright and Arthur R. Miller, Fed. Pract. & Proc. Civ.2d § 1354* (2d ed.2003) (court may quash purported service without dismissing action where it appears plaintiff can properly correct flawed service of process).

## II. Sufficiency of Service of Process

■ Service of process must be accomplished in accordance with the rules of civil procedure of the forum. *See Sieg v. Karnes*, 693 F.2d 803, 807 (8th Cir.1982); *Lewis v. Contracting Northwest, Inc.*, 413 N.W.2d 154, 155 (Minn.Ct.App.1987). Both the federal rules and the Minnesota rules describe proper service in a civil action. *See* Fed.R.Civ.P. 4; Minn. R. Civ. P. 3.01. Yamaha Ltd. asserts that service on a Japanese corporation that does not have a domestic agent for service in Minnesota must also be performed in accordance with the requirements of the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Convention"). Yamaha Ltd. argues that because it does not have an authorized agent for service in Minnesota, because Japan has objected under the convention to service by mail, because Japan requires that service be effected via the Japanese Central Authority and because under the Convention, Japan requires that documents served in Japan on Japanese corporations be translated into the Japanese language, plaintiff's purported service of process does not comply with the Hague Convention.

■ A ratified treaty or convention preempts inconsistent state laws. *See* U.S. Const. art. VI (supremacy clause). By its terms, the Hague Convention applies "in all cases, in civil or commercial matters, where there is occasion to transmit a judicial or extrajudicial document for service abroad." Convention art. 1. "[O]ccasion to transmit" and "for service abroad" are terms of art and are to be construed in accordance with the law of the forum state. *See Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 700, 108 S.Ct. 2104, 100 L.Ed.2d 722 (1988). "[I]f the internal law of the forum state defines the applicable method of serving process as requiring the transmittal of documents abroad, then the Hague Convention applies." *Id.* Conversely, if the law of the forum state and due process considerations allow, for example, service on a domestic agent in lieu of foreign transmittal, the Hague Convention does not apply. *See id.* at 707, 108 S.Ct. 2104.

Thus, the question is whether Minnesota law requires transmittal of documents abroad to effectuate proper service on Yamaha Ltd. Yamaha Ltd. argues that while Minnesota law permits service on foreign corporations via service on the Minnesota Secretary of State, such service is not complete until the Secretary transmits the documents to the foreign corporation, and therefore, the Hague Convention applies. Plaintiff contends that service is complete once the Secretary has been served with the documents and that the Hague Convention therefore does not apply.

### A. Foreign Service Under Minn. R. Civ. P. 4.03

Under Minnesota law, service of summons may be effected

> [u]pon a domestic or foreign corporation, by delivering a copy to an officer or managing agent, or to any other agent authorized expressly or impliedly or designated by statute to receive service of summons, and if the agent is one authorized or designated under statute to receive service any statutory provision for

the manner of such service shall be complied with.

Minn. R. Civ. P. 4.03(c). By statute,

> [s]ervice of a process, notice or a demand may be made on a foreign corporation authorized to transact business in this state by delivering to and leaving with the secretary of state, or with an authorized deputy or clerk in the secretary of state's office, two copies of it and a fee of $50 in the following circumstances: (1) if the foreign corporation fails to appoint or maintain in this state a registered agent upon whom service of process may be had...

Minn.Stat. § 5.25, Subd. 4. Yamaha Ltd. does not maintain an authorized agent for service in Minnesota. The statute also states, "the secretary shall immediately cause one copy of a service of process to be forwarded by certified mail addressed to the business entity...." Minn.Stat. § 5.25, Subd. 6. The Minnesota Supreme Court has described the Secretary's statutory duties in this regard as "complet[ing] the prescribed service-making mechanism by mailing a copy of [the summons and complaint] to the defendant's corporation." *Kalthoff v. Deere and Co.*, 281 Minn. 210, 161 N.W.2d 313, 317 (1968).

■ Read in conjunction with the text of Minn.Stat. § 5.25, Subd. 6, the *Kalthoff* decision indicates that service is not fully effected until the Secretary of State transmits the documents to the foreign corporation. Moreover, requiring less would disregard the purposes of service of process and the notice required by due process. *See Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950) (requiring that notice be "reasonably calculated to apprise interested parties of the pendency of the action"). Because Minnesota law requires "transmittal of documents abroad" to effect international service via the Secretary of State, the Hague Convention applies.

## B. Sufficiency of Service Under the Hague Convention

■ The Hague Convention calls upon each contracting state to establish a central authority designated to receive requests for service coming from other contracting states. *See* Convention art. 2. The central authority in each contracting state is responsible for service of process in accordance with that state's laws. *See* Convention art. 5. The central authority may require that documents be translated into "an official language" of that state. *Id.* Japan requires that service of process be made via the Central Authority, in the Japanese language. *See Bankston v. Toyota Motor Corp.*, 889 F.2d 172, 174 (8th Cir.1989) (Hague Convention requires service via Central Authority); *Taylor v. Uniden Corp. of America*, 622 F.Supp. 1011, 1016 (D.Mo.1985) (process served in Japan under Hague Convention must be translated into Japanese language). Therefore, service of an untranslated summons and complaint by certified mail from either a plaintiff or the Minnesota Secretary of State directly to a Japanese corporation fails to comply with Articles 2 and 5 of the Hague Convention. For these reasons, the court finds that plaintiff's service of process upon Yamaha Ltd. fails to comply with the requirements of the Hague Convention.

## C. Court May Dismiss Action or Quash Service

■ The cases and commentators suggest that the better practice is to quash insufficient service of process unless it is clear that plaintiff cannot effect proper service. *See Haley*, 529 F.2d at 79. Because it is not clear that plaintiff will be unable to effect proper service, the court quashes the purported service of process

but does not dismiss the action against Yamaha Ltd.[1]

## CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that:

1. The motion of defendant Yamaha Motor Corp., Ltd., to dismiss [Doc. No. 15] is denied.

2. Plaintiff's purported service upon defendant Yamaha Motor Corp., Ltd., is quashed.

---

1. Because plaintiff's claim apparently accrued in October 1998, a statute of limitations question may arise with regard to plaintiff's ability to effect proper service. See Minn.Stat. §§ 541.05 & 541.07. The court notes that an improperly served summons and complaint may "relate back" to a timely served but otherwise defective service. A plaintiff may be allowed to amend process or service of process even after the expiration of the statutory period if defendant was timely put on notice of the action and would not be prejudiced by such amendment. *See e.g., Cooney v. Milwaukee R.R. Co.,* 34 F.R.D. 508, 509–11 (s.D.Ia.1964) (amendment of timely but improper notice permitted after statutory period had run); *C.J. Weiland & Sons Dairy Products Co. v. Wickard,* 4 F.R.D. 250, 253 (E.D.Wi. 1945) (same); *see also 4A Charles Alan Wright and Arthur R. Miller, Fed. Pract.  & Proc. Civ.3d § 1131* (amendment of process or service of process is appropriate if correct defendant received original process, was aware it was directed at him and was put on notice of the commencement of the action). Whether that doctrine should apply in this case has not been briefed or argued by the parties and need not be addressed by the court.