**Vicky HOWARD, Plaintiff,**

v.

**JENNY'S COUNTRY KITCHEN, INC., Defendant.**

No. 04–2093–JWL.

United States District Court, D. Kansas.

Aug. 13, 2004.

---

Robert R. Barton, The Law Office of Robert R. Barton, L.L.C., Overland Park, KS, for Plaintiff.

Rebecca Sue Jelinek, Steven E. Mauer, Bryan Cave LLP, Kansas City, MO, for Defendant.

## MEMORANDUM AND ORDER

LUNGSTRUM, District Judge.

This lawsuit arises from plaintiff Vicky Howard's creation of certain licensed artistic works. Plaintiff alleges that defendant Jenny's Country Kitchen, Inc. sold and distributed products containing labels that were copied from or were substantially similar to her works. She asserts claims against defendant for copyright infringement, unfair competition, and violations of the Kansas Consumer Protection Act. When defendant failed to file a timely answer or otherwise respond to plaintiff's complaint, plaintiff moved for a default judgment. After holding an evidentiary hearing on damages, the court ultimately entered a default judgment against defendant in the amount of $325,000

plus attorneys' fees and expenses. The matter is presently before the court on defendant's motion to set aside this default judgment (doc. 15). The court will grant this motion because defendant was never properly served, and therefore this court lacked personal jurisdiction over defendant when it entered the judgment. Accordingly, the default judgment is void.

## I. *Background*

Plaintiff filed the complaint in this lawsuit on March 4, 2004. The complaint alleges that defendant is a Nebraska corporation with its principal place of business in Minnesota. The summons was issued on the same date that the complaint was filed. The summons was issued to Dan Wood as registered agent for defendant, 6837 Dudley Street, Lincoln, Nebraska. On March 5, 2004, plaintiff's attorney, Robert R. Barton, sent an envelope containing an original and one copy of the summons and complaint to Mr. Wood at this address. Mr. Barton sent the envelope via certified mail, return receipt requested. The correspondence was returned to Mr. Barton as "not deliverable."

On March 17, 2004, Mr. Barton sent a letter to the Kansas Secretary of State's office that stated:

> Enclosed is the original and two copies of the Summons, and two copies of the Complaint in connection with the above-referenced action filed on March 4, 2004.
>
> Pursuant to K.S.A. 60–308, I attempted to serve the registered agent for the defendant, Mr. Ron Wood (See enclosed information on the defendant.) [sic] The certified mailing was returned as "not deliverable." (See enclosed.)
>
> As stated in the Complaint, the defendant is doing business in this state. Accordingly, the enclosed Summons and Complaint are being served upon you pursuant to K.S.A. 60–304(f) and 60–308.

According to an affidavit from Christy Harvey, who is with the Kansas Secretary of State's office, the Kansas Secretary of State received the summons on March 19, 2004.

On March 25, 2004, the Kansas Secretary of State forwarded the summons by certified mail to Jenny's Country Kitchen, Inc., Dan Wood, 6837 Dudley Street, Lincoln, Nebraska. According to Ms. Harvey's affidavit, "[t]his address was provided to the Secretary of State by Plaintiff's attorney Robert R. Barton. The Secretary of State's office did not verify the accurateness of this address with the Nebraska Secretary of State." The summons was returned to the Kansas Secretary of State as undeliverable.

Mr. Barton has provided an affidavit in which he states that he "never provided the address of 6837 Dudley Street, Lincoln, Nebraska as an address to use to forward the Summons and Complaint to Jenny's Country Kitchen." According to Mr. Barton, his only communication with the Kansas Secretary of State on this matter was his letter dated March 17, 2004, and he "never instructed, directed, or otherwise indicated in any way, to Christy Harvey or anyone in the office of the Kansas Secretary of State, where they should send the Summons and Complaint in this matter."

On April 20, 2004, plaintiff filed a request for entry of default explaining plaintiff's efforts to serve defendant and pointing out that defendant had failed to timely file a responsive pleading. The court granted plaintiff's motion and held an evidentiary hearing regarding plaintiff's damages on May 18, 2004. The court subsequently directed plaintiff to submit supplemental briefing and convened a telephone conference on May 28, 2004. Ultimately, on June 3, 2004, the court entered a default judgment in favor of plaintiff and against defendant in the amount of $325,000 plus attorneys' fees and expenses.

On that same day, June 3, 2004, Mr. Barton sent a letter to defendant in which he sought to collect on the default judgment. According to an affidavit from Dan Wood, defendant's vice president, the first time that defendant heard of this lawsuit was when he received Mr. Barton's June 3 letter.[1] On

---

1. The record does not reflect the address to which Mr. Barton sent this letter. The court can safely assume, however, that Mr. Barton did not send the letter to Mr. Wood at his Dudley Street address in Lincoln because if Mr. Barton had sent the letter to that address it presumably

June 23, 2004, defendant filed an emergency motion to stay execution of the judgment and to set aside the default judgment. The next day, the court granted the aspect of that motion staying execution of the judgment and stated that the remainder of the motion would remain under advisement to be decided after briefing. By way of the remaining aspect of this motion, which is currently before the court, defendant asks the court to set aside the default judgment under Fed. R.Civ.P. 60(b)(4) on the grounds that the judgment is void because defendant was not properly served.[2]

According to defendant, its registered agent was *formerly* Dan Wood, 6837 Dudley Street, Lincoln, Nebraska. In December of 2001, defendant relocated its operations from Lincoln to 438 Main Street, South Dover, Minnesota. When defendant filed its domestic corporation occupation tax report with the Nebraska Secretary of State on February 25, 2003, defendant attempted to change its registered office to its Minnesota address. The Nebraska Secretary of State, however, did not change defendant's registered office at that time. According to an affidavit from Debbie Pester, who is with the Nebraska Secretary of State, the Nebraska Secretary of State does not recognize changes to the registered agent or office as set forth on the tax report. Further, the Nebraska Secretary of State requires all domestic corporations to maintain a registered agent within the state of Nebraska. In early 2004, the Nebraska Secretary of State requested that defendant name a registered agent residing in Nebraska. Once defendant received this request and learned that its registered office had not been changed, on March 1, 2004, defendant filed a domestic change of registered agent form with the Nebraska Secretary of State. This change of address designated defendant's resident agent as Peg Haar, 6325 Judson Street, Lincoln, Nebraska.

Ms. Pester's affidavit states that on March 4, 2004, defendant's registered agent was listed as Dan Wood, 6837 Dudley Street, Lincoln, Nebraska. On March 5, 2004, the Nebraska Secretary of State changed defendant's resident agent to Peg Haar, 6325 Judson Street, Lincoln, Nebraska, pursuant to the March 1, 2004, domestic change of registered agent form that defendant submitted. Ms. Pester states in her affidavit that the Nebraska Secretary of State's records regarding a corporation's registered agent and office are "immediately available to the public upon entry into the Secretary of State's records by accessing the Secretary of State's web site" or by calling the Nebraska Secretary of State. From March 5, 2004, to the present, Ms. Haar has been listed as defendant's registered agent with the Nebraska Secretary of State.

## II. *Standard for Relief Under Rule 60(b)(4)*

 Rule 60(b)(4) of the Federal Rules of Civil Procedure allows the court to relieve a party from a final judgment if the judgment is void. "A judgment is not void merely because it is or may be erroneous." *V.T.A., Inc. v. Airco, Inc.*, 597 F.2d 220, 224 (10th Cir.1979). Rather, a judgment is void under Rule 60(b)(4) only if "the rendering court was powerless to enter it." *Id.* This occurs " 'only if the court which rendered it lacked jurisdiction of the subject matter, or of the parties, or acted in a manner inconsistent with due process of law.' " *United States v. Buck*, 281 F.3d 1336, 1344 (10th Cir.2002) (quoting *In re Four Seasons Sec. Laws Litig.*, 502 F.2d 834, 842 (10th Cir. 1974)). Unlike other Rule 60(b) motions, the court does not have discretion with respect to a motion for relief from a void judgment pursuant to Rule 60(b)(4) because "[r]elief from a void judgment is mandatory." *Williams v. Life Sav. & Loan*, 802 F.2d 1200,

---

would have been returned as undeliverable. Therefore, Mr. Barton apparently sent this letter to a different address where he knew defendant would actually receive the letter.

**2.** In the alternative, defendant seeks relief under Fed.R.Civ.P. 60(b)(1), (6) on the grounds of mistake, excusable neglect, and other reasons justify-

ing relief from the judgment. Because the court finds that defendant is entitled to mandatory relief under Rule 60(b)(4), however, the court declines to resolve the issue of whether defendant should also be granted relief on these alternative grounds, which are discretionary matters.

1203 (10th Cir.1986) (per curiam); *see also V.T.A., Inc.*, 597 F.2d at 224 n. 8 (stating that if a judgment is void "relief is not a discretionary matter; it is mandatory").

### III. *Discussion*

■■■ A default judgment obtained in the absence of personal jurisdiction over the defendant is void. *Williams*, 802 F.2d at 1202. "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104, 108 S.Ct. 404, 98 L.Ed.2d 415 (1987); *see also Peay v. BellSouth Med. Assistance Plan*, 205 F.3d 1206, 1209–10 (10th Cir.2000) (stating a federal court may exercise personal jurisdiction over a defendant only if the procedural requirements for service of process are satisfied and the exercise of jurisdiction satisfies due process). Therefore, a default judgment entered against a defendant is void if the plaintiff did not properly serve the defendant. *See Printed Media Servs., Inc. v. Solna Web, Inc.*, 11 F.3d 838, 842–43 (8th Cir. 1993); *Combs v. Nick Garin Trucking*, 825 F.2d 437, 448 (D.C.Cir.1987); *Gold Kist, Inc. v. Laurinburg Oil Co.*, 756 F.2d 14, 19 (3d Cir.1985).

In this case, plaintiff contends that defendant was properly served pursuant to K.S.A. § 60–308(f) when the Kansas Secretary of State received the summons and complaint on March 19, 2004.[3] Service of process in federal court is governed by Rule 4 of the Federal Rules of Civil Procedure. Rule 4(h)(1) governs service upon domestic corporations, and it allows service to be made "in the manner prescribed for individuals by subdivision (e)(1)." Rule 4(e)(1), in turn, allows service to be made "pursuant to the law of the state in which the district court is located." Kansas law allows service upon a foreign corporation doing business in the state by delivering the summons and complaint to the Kansas Secretary of State, then the Kansas Secretary of State forwards the summons and complaint to the corporation. K.S.A. § 60–304(f). Specifically, this statute provides that

> [w]henever ... any foreign corporation ... *authorized to transact business or transacting business without authority in this state*, fails to appoint or maintain in this state a resident agent upon whom service of legal process ... may be had ..., the secretary of state shall be irrevocably authorized as the agent and representative of the corporation ... to accept service of process .... In the event that any process ... is served on the secretary of state, the secretary shall immediately cause a copy of such process ... to be forwarded by certified mail, addressed to the corporation ... *to the registered or principal office of the corporation* ... in the state of its incorporation or formation.

K.S.A. § 60–304(f) (emphasis added).

■■■ As a threshold matter, it is not entirely clear whether plaintiff can avail itself of this statute as a means to serve defendant. It is undisputed that defendant is not authorized to transact business in the state, and defendant argues that it is not transacting business in this state without authority to do so. Plaintiff's complaint conclusorily alleges that defendant transacted business in the state, that defendant's products were sold in retail stores in Kansas, and that defendant distributed a catalog featuring the products at issue. According to defendant, plaintiff does not and cannot allege that defendant has an office, place of business, or distribution point within the state, or that defendant delivers its products to agents in the state. The evidence currently in the record regarding the extent to which defendant may or may not have been doing business in the state consists of nothing more than plaintiffs' allegations or, perhaps more accurately, lack of allegations. Further, it is unclear which party bears the burden of proof on this issue.

---

3. Plaintiff, quite properly, does not contend that the attempt to serve Mr. Wood by way of Mr. Barton's letter of March 5, 2004, constituted effective service. Although K.S.A. § 60–308(e) allows service of out-of-state process via certified mail, return receipt delivery, service of process is considered complete under this provision only "upon the delivery of the sealed envelope." The envelope to Mr. Wood was returned as undeliverable, and therefore this attempted service was ineffective under K.S.A. § 60–308(e).

*See, e.g., Drexler v. Kozloff,* No. 99–1230, 2000 WL 376608, at *4 n. 1 (10th Cir. Apr. 13, 2000) (declining to decide the issue of who bears the burden of establishing whether the court has personal jurisdiction over the defendant on a Rule 60(b)(4) motion to set aside a default judgment on the grounds that the judgment is void for lack of personal jurisdiction; citing an annotation that describes a circuit split on this issue). Ultimately, the court does not need to resolve this threshold issue in order to determine whether defendant was properly served under § 60–304(f). Accordingly, given the inadequate record on this issue and the lack of clarity regarding the burden of proof, the court will proceed to analyze the propriety of the attempted service by assuming, without deciding, that defendant was doing business in Kansas without authority and therefore was amenable to service under § 60–304(f) via the Kansas Secretary of State.

The attempted service in this case nonetheless did not comply with § 60–304(f). According to the statute, service is accomplished by delivering the summons and complaint to the Kansas Secretary of State, then the Kansas Secretary of State must "imme-diately cause a copy of such process . . . to be forwarded by certified mail, addressed to the corporation . . . to the registered or principal office of the corporation . . . in the state of its incorporation or formation." K.S.A. § 60–304(f). At the time the Kansas Secretary of State received the summons and complaint on March 19, 2004, and when the Kansas Secretary of State subsequently mailed the summons and complaint to defendant on March 25, 2004,[4] defendant's registered agent was Peg Haar, 6325 Judson Street, Lincoln, Nebraska. By the plain terms of the statute, then, the Kansas Secretary of State was required to mail the summons and complaint to Ms. Haar as defendant's registered agent.[5] By mailing the summons and complaint to a different address,[6] the Kansas Secretary of State did not comply with the plain terms of the statute. Accordingly, the service was not valid.

Plaintiff nonetheless argues that service should be deemed complete upon the Kansas Secretary of State's receipt of the summons and complaint. That is certainly a plausible reading of the statute because the statute, by its plain terms, is silent regarding

4. The court rejects any implicit argument (which was not expressly articulated by the plaintiff in this case) that the relevant date for ascertaining the defendant corporation's registered or principal office where the Kansas Secretary of State must send the summons and complaint is the date the lawsuit is filed, which is the only theory under which plaintiff could arguably prevail here. Such an interpretation is inconsistent with the statutory language, which requires the Kansas Secretary of State to "immediately cause" the summons to be mailed to the defendant, thus indicating that the relevant date is sometime between when the Kansas Secretary of State receives the summons and complaint and the date when the Kansas Secretary of State forwards the summons and complaint to the corporate defendant. Moreover, such an interpretation would fail to account for any change of address by the defendant that might occur between when the lawsuit is filed and when the Kansas Secretary of State endeavors to forward the summons to the defendant. While that interim time period in this case was relatively short, it was nevertheless the cause of defendant not receiving the summons and complaint. Further, the court can envision that some cases might involve lapses of time that are much more lengthy and problematic in the sense that it could prove difficult to ensure that a defendant who moves during that interim time period actually receives the mailing from the Kansas Secretary of State. Accordingly, using the date of filing of the lawsuit as the relevant point of reference for ascertaining the defendant's contact information would violate the due process principle, discussed *infra*, that notice must be reasonably calculated to apprise the defendant of the pendency of the action.

5. The statute also provides the alternative of sending the summons and complaint to the corporation's principal office, but only if the principal office is located "in the state of [the corporation's] incorporation or formation." In this case, defendant's principal office was at all relevant times 438 Main Street, South Dover, Minnesota, which is not in its state of incorporation or formation (Nebraska). Therefore, mailing the summons and complaint to that address would not have been effective under K.S.A. § 60–304(f).

6. Although Ms. Harvey's affidavit attempts to lay blame for this mistake on Mr. Barton, the record reveals that Mr. Barton never directed the Kansas Secretary of State to mail the summons and complaint to the Dudley Street address in Lincoln. In fact, Mr. Barton pointed out in his letter to the Kansas Secretary of State that his prior correspondence to this address was returned as undeliverable.

when service is deemed complete. It is well settled, however, that a statute that allows service of process on a secretary of state but does not require the secretary of state to serve the defendant violates principles of due process. *Wuchter v. Pizzutti,* 276 U.S. 13, 24–25, 48 S.Ct. 259, 72 L.Ed. 446 (1928) (holding a state statute that allows a defendant to be served by serving the secretary of state as the defendant's agent, without more, violates due process); *Rose v. K.K. Masutoku Toy Factory Co.,* 597 F.2d 215, 219 (10th Cir.1979) (same). Presumably for this reason, courts in other states have interpreted service of process statutes similar to the Kansas statute at issue here—that is, statutes that allow service of process on the secretary of state and require the secretary of state to forward process to the defendant—to require the secretary of state to (at a bare minimum) forward process to the defendant in order for service to be deemed complete. *See, e.g., Arceneaux v. Davidson,* 325 F.Supp.2d 742 (S.D.Miss.2004) (noting that Mississippi courts have held that service is not complete under a similar Mississippi statute until the secretary of state mails the summons to the defendant, then the defendant must either sign a return receipt or refuse delivery); *Froland v. Yamaha Motor Co., Ltd.,* 296 F.Supp.2d 1004, 1008 (D.Minn. 2003) (noting that Minnesota courts have held that service is not complete under a similar Minnesota statute until the secretary of state transmits the documents to the foreign corporation); *Delta Int'l Mach. Corp. v. Plunk,* 378 S.E.2d 704, 706 (Ga.Ct.App.1989) (construing a similar Georgia statute and finding that service is not complete until the secretary of state does his or her duty and sends a copy to the defendant). To hold otherwise would violate principles of due process, which requires that the service of process be reasonably calculated to provide the defendant with actual notice of the suit and an opportunity to defend. *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950); *see, e.g., Froland,* 296 F.Supp.2d at 1008 (explaining that not requiring the secretary of state to forward process would disregard the purposes of service of process and the notice required by due process); *Quinn v.*

*Keinicke,* 700 A.2d 147, 154 (Del.Super.Ct.1996) (holding service on the secretary of state alone, without the subsequent mailing, would not satisfy due process). Thus, the court predicts that the Kansas Supreme Court would likewise construe the Kansas statute to avoid constitutional due process infirmities by requiring the Kansas Secretary of State to in fact forward the summons and complaint to the registered or principal office of the foreign corporation in its state of incorporation in order for service to be regarded as complete. *Cf. Baker v. Latham Sparrowbush Assocs.,* 72 F.3d 246, 255 (2d Cir.1995) (holding the defendant corporation was properly served under a similar New York statute where the summons and complaint were served on the secretary of state and the secretary of state forwarded the pleadings to the defendant's address on file, even though the defendant corporation had failed to update its address with the secretary of state's office).

Ultimately, plaintiff's attempted service on defendant in this case was simply not "reasonably calculated, under all the circumstances, to apprise [defendant] of the pendency of the action and afford [defendant] an opportunity to present [its] objections." *Mullane,* 339 U.S. at 314, 70 S.Ct. 652. The Kansas Secretary of State did not comply with the terms of the statute by mailing the summons and complaint to defendant's registered agent. In fact, despite the fact that Mr. Barton's letter informed the Kansas Secretary of State that his prior attempt to serve Mr. Wood as resident agent for the defendant had been returned as undeliverable, the Kansas Secretary of State apparently did not attempt to ascertain defendant's correct address. Nor did Mr. Barton. When Mr. Barton received the first letter that he had sent to Mr. Wood back as undeliverable, he could have easily double-checked the Nebraska Secretary of State's website or called the Nebraska Secretary of State and he would have found the correct address for defendant's registered agent.

Lastly, the court wishes to point out that Mr. Barton apparently knew how to contact defendant as evidenced by the fact that he promptly informed defendant about the

$325,000 default judgment on the same day that he obtained the judgment. Although the court's holding does not rest on this consideration, the court simply wishes to observe that there is authority for the proposition that this consideration alone violated due process and rendered the service invalid. *See, e.g., Interior Distribs., Inc. v. Hartland Constr. Co.,* 116 N.C.App. 627, 449 S.E.2d 193, 195–96 (1994) (holding substituted service on the secretary of state was ineffective and violated the defendant's due process rights where plaintiff's attorney had actual knowledge of an address where the defendant could have been served and did not attempt to serve the defendant at that known address); *Perkins v. TSG, Inc.,* 390 Pa.Super. 303, 568 A.2d 665, 666–67 (1990) (holding substituted service on the Maryland Department of Assessments and Taxation as agent for the defendant violated due process and was ineffective because the plaintiff manipulated the procedural rules to obtain an ex parte default judgment where the plaintiff actually knew the defendant's true address); *cf. Tex. W. Fin. Corp. v. Edwards,* 797 F.2d 902, 905 (10th Cir.1986) (holding service of process was ineffective where the plaintiff had not strictly complied with the terms of a Texas service of process statute, but also recognizing that the plaintiff had actual notice of the defendant's proper service address).

In sum, because defendant was never properly served nor did the attempted service comport with due process, this court lacked personal jurisdiction over defendant when it entered the default judgment. Accordingly, the default judgment is void and defendant is entitled to relief under Fed. R.Civ.P. 60(b)(4).

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's motion to set aside default judgment (doc. 15) is granted.